[Crim. No. 23982. First Dist., Div. Four. Feb. 28, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER CONRAD GROODY, Defendant and Appellant.

**COUNSEL**

Catalina Lozano, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Herbert F. Wilkinson and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Christopher Conrad Groody appeals from a judgment of imprisonment for one count of first degree burglary and six counts of second

---

\*Before Caldecott, P. J., Rattigan, J., and Christian, J.

degree burglary. (Pen. Code, §§ 459, 460.) He challenges the court's denial of his motion to suppress confessions he made to two police officers, as well as the court's denial of probation.

On Friday, May 1, 1981, a Richmond police officer arrested appellant for a burglary. At the police station appellant waived his *Miranda* rights and admitted to Detective Loren Abrao his responsibility for the burglary. Abrao testified that he asked appellant whether he had been involved in any other burglaries or thefts in Richmond; appellant responded that he had not, but that he had been involved in some burglaries in El Sobrante. Appellant testified that Abrao had said that he knew about other burglaries respondent had committed in El Sobrante.

Abrao told appellant that El Sobrante was within the jurisdiction of the sheriff's department, and that he would notify the department of appellant's statement as to the El Sobrante burglaries. Appellant asked Abrao whether there was any way he could avoid being held in jail. Abrao said that he would not release appellant, but that he didn't know what the sheriff's department would do once he was in their custody.

On the following Monday, Detective Michael Barkhurst of the Contra Costa County Sheriff's office interviewed appellant at the Richmond Police Department. Appellant again waived his *Miranda* rights. He asked whether Barkhurst could help him in exchange for his confessing to the burglaries. Barkhurst responded that the only thing he could do would be to talk to the district attorney about giving appellant "special consideration," and that one possible special consideration that the district attorney might give him would be to charge him with only one burglary. Barkhurst said that as a law enforcement officer he could not make any guarantees of leniency, and could not speculate as to appellant's chances for receiving lenient treatment. Appellant then confessed to the El Sobrante burglaries and showed Barkhurst the houses he had burglarized.

I

Appellant testified that Detective Abrao told him that he could be released if he cooperated with Abrao. He contends on the basis of this testimony that his confession to Detective Abrao should have been suppressed because it was induced by a promise of release. Abrao testified, however, that he made no promise of release in exchange for information. Appellant admitted this on cross-examination. The court found that the confession to Abrao was not subjectively induced by Abrao, but resulted from what appellant "read into those circumstances" based on his fear of incarceration. This determination was supported by substantial evidence and is not to be disturbed on appeal. (See *People v. Duck Wong* (1976) 18 Cal.3d 178, 187-188 [133 Cal.Rptr. 511, 555 P.2d 297].)

■ Appellant also contends that his confession to Abrao should have been suppressed because it was induced by Abrao's alleged deceptive assertion that he knew of other burglaries that appellant had committed in El Sobrante. Abrao testified, however, that he had asked whether appellant had been involved in any other burglaries or thefts in Richmond. Appellant seeks to avoid the implication that the court resolved this evidentiary conflict in favor of respondent (see *People* v. *Jimenez* (1978) 21 Cal.3d 595, 609 [147 Cal.Rptr. 172, 580 P.2d 672]) by asserting that (1) the court specifically found that he had testified truthfully, and (2) the court was not required to resolve the conflict, and did not do so, because deception was not "clearly urged" below.

The court's specific finding, however, was that although no witness at the hearing had "consciously told a falsehood," appellant had read an unintended meaning into Abrao's statements because of his fear of incarceration. The court thus impliedly found that although appellant believed he had been misled, no deception had actually occurred. And assuming arguendo that no such finding can be implied because deception was not asserted at the suppression hearing, appellant has waived the assertion of deception as a basis for reversal on appeal. (See, e.g., *People* v. *Manning* (1973) 33 Cal.App.3d 586, 600 [109 Cal.Rptr. 531]; *People* v. *Williams* (1968) 265 Cal.App.2d 888, 899 [71 Cal.Rptr. 773].)

■ Appellant contends that his confession to Detective Barkhurst should have been suppressed because it was induced by promises of leniency—that is, statements by Barkhurst that he would inform Abrao of appellant's cooperation and would talk to the district attorney about special treatment for appellant. But Barkhurst's promise to talk to the district attorney about "special consideration" for appellant, and his statement that one such consideration might be for the district attorney to charge only one burglary, were no more than the pointing out of benefits which might result " ' "naturally from a truthful and honest course of conduct." ' " (*In re Anthony J.* (1980) 107 Cal.App.3d 962, 973 [166 Cal.Rptr. 238], quoting *People* v. *Jimenez, supra,* 21 Cal.3d 595, 611-612; *People* v. *Wischemann* (1979) 94 Cal.App.3d 162, 171 [156 Cal.Rptr. 386].) Despite the promise to inform Abrao of appellant's cooperation, Barkhurst testified that he expressly informed appellant that he could make no guarantees of leniency. Substantial evidence supported the trial court's determination that the confession to Barkhurst was not induced by police misconduct. (See *People* v. *Duck Wong, supra,* 18 Cal.3d at pp. 187-188.)

## II

The trial court initially committed appellant to the Youth Authority for a period of not less than four years. It recognized that the Youth Authority might reject him because of the number of burglaries he had committed, but observed that "because of his youth and my observation of Mr. Groody and his history I think he should be kept in the Youth Authority and should not go to prison."

The Youth Authority subsequently rejected appellant because it was overcrowded and because of appellant's extensive criminal history. The court wrote to the Youth Authority, urging it to accept appellant because of his high level of immaturity, and because the Youth Authority was appellant's only hope against staying in the criminal justice system "for the rest of his life, if he survives penal incarceration." The Youth Authority responded that it had rejected appellant on the basis of a point rating scale which required rejection.

Appellant could not be granted probation unless his was an unusual case in which probation would best serve the interests of justice. (Pen. Code, § 462.) At his subsequent sentencing hearing, defense counsel urged the court to grant probation because appellant's rejection by the Youth Authority was an exceptional circumstance which justified probation. The court agreed that appellant's exclusion from the Youth Authority was an exceptional circumstance, but concluded that it was statutorily deprived of authority to do anything other than impose a prison sentence. The court sentenced appellant to the middle term of four years' imprisonment for the first degree burglary and six concurrent three-year terms for the second degree burglaries. ■ Appellant challenges the court's conclusion that it lacked discretion to grant probation.

Criteria affecting the decision whether to grant probation prohibited by statute except in unusual cases are specified in California Rules of Court, rule 416. Respondent argues that none of these criteria was applicable to appellant. The specified criteria, however, are not exclusive. The court could apply any "additional criteria reasonably related to the decision being made." (Cal. Rules of Court, rule 408(a).)

The unavailability of the only institution that the court considered to be appropriate for appellant, based at least in part on overcrowding, was reasonably related to the determination whether justice would best be served by placing appellant on probation. The trial court thus erred when it determined that it lacked discretionary power to grant probation on the basis of appellant's exclusion from the Youth Authority. The cause must be remanded for a determination whether rejection from the Youth Authority justified probation.

The judgment is reversed as to the sentence imposed and is affirmed in all other respects. The cause is remanded for resentencing.