[Crim. No. 18701. First Dist., Div. One. Mar. 20, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY COLLIER, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Harriet Hirsch and Robert P. Mason, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Eugene W. Kaster and Laurence M. May, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Defendant appeals from a judgment sentencing him to state prison after a jury found him guilty of second degree burglary. (Pen. Code, §§ 459, 460.)

---

*Before Racanelli, P. J., Elkington, J., and Newsom, J.

The sole issue is whether the trial court based its sentencing determinations on incorrect data when it declared that defendant was ineligible for probation under Penal Code section 1203, subdivision (d). (See *In re Huddleston* (1969) 71 Cal.2d 1031, 1037 [80 Cal.Rptr. 595, 458 P.2d 507].) We have concluded that there was no error.

The relevant portions of section 1203, subdivision (d), read:

"(d) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons:

"(1) Unless he had a lawful right to carry a deadly weapon, other than a firearm, at the time of the perpetration of the crime or his arrest, any person who has been convicted of arson, robbery, burglary, burglary with explosives, rape with force or violence, murder, assault with intent to commit murder, attempt to commit murder, trainwrecking, kidnapping, escape from the state prison, or a conspiracy to commit one or more of such crimes and was armed with such weapon at either of such times.

". . . . . . . . . . . . . . . . . . . .

"(4) Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony.

". . . . . . . . . . . . . . . . . . . .

"(6) Any person who has been previously convicted once in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony, if he committed any of the following acts:

"(i) Unless he had a lawful right to carry a deadly weapon at the time of the perpetration of such previous crime or his arrest for such previous crime, he was armed with such weapon at either of such times.

"(ii) He used or attempted to use a deadly weapon upon a human being in connection with the perpetration of such previous crime."

■ Although there is some uncertainty in the record before us, it appears that defendant was convicted in February 1970 of at least one,

and possibly two counts of first degree robbery (Pen. Code, § 211), and of attempted kidnapping (Pen. Code, § 207), possession of a sawed-off shotgun (Pen. Code, § 12020), and possibly assault with a deadly weapon (Pen. Code, § 245). The record is certain as to at least three prior convictions.

The sentencing court declared defendant ineligible for probation pursuant to subdivisions (d)(1) and (d)(4). He erred as to subdivision (d)(1), as there was no showing that defendant was armed with a deadly weapon at the time of the current offense. The court was correct as to subdivision (d)(4), however. ■ Defendant argues that the "clear" legislative intent was to make ineligible under this subdivision only those persons whose convictions arose out of separate transactions as distinguished from a single transaction. Assuming arguendo that a single transaction was involved, we discern no such legislative intent. (Cf. Pen. Code, § 654.) The subdivision speaks of any person "who has been previously convicted twice in this state of a felony." Defendant has been so convicted, and absent any authority to the contrary, subdivision (d)(4) applies.

Defendant concedes that subdivision (d)(6) applies to him. Thus, he was ineligible under two subdivisions. The fact the trial court felt he was ineligible under subdivision (d)(1) instead of (d)(6) is irrelevant. The point remains that the court felt defendant was ineligible under two subdivisions and that the interests of justice did not warrant a grant of probation as an "unusual case." These conclusions were adequately supported by the record.

Judgment affirmed.