[Crim. No. 14134. Fourth Dist., Div. Two. Dec. 11, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN TIMOTHY SUTTON, Defendant and Appellant.

COUNSEL

Michael J. Udovic, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Michael D. Wellington, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GARDNER, P. J.— ▮ In this case, we hold that when a defendant enters into a plea bargain via a slow plea in which a condition of the bargain is the imposition of an upper term of imprisonment, the court, in stating its reasons for that sentence choice, need only give the bargain as its reason and need not give any other reason.

When, in 1976, the Legislature ended its 60-year-old romance with the Indeterminate Sentence Law, few tears were shed at the demise of that highly visionary, but woefully unsuccessful, effort at effective penology.

Alas, few hosannas have been heard in the judicial system for its successor, the so-called determinate sentence law, Penal Code section 1170 et seq., a legislative monstrosity, which is bewildering in its complexity. Superimposed on Penal Code section 1170 et seq. are the sentencing rules (Cal. Rules of Court, rule 401 et seq.) promulgated under the aegis of Penal Code section 1170.3. Here, the already perplexing provisions of Penal Code section 1170 et seq. are further refined into a kind of labyrinthine formalism under which trial judges carefully pick their way in a kind of ceremonial ritual during the sentencing processes.[1]

In this case, we face one of the endless nuances spawned by this law and these rules.

This was a classic slow plea. The defendant was charged with three robberies with three use allegations plus three prior felonies. The case was called for trial. A jury panel was waiting. An agreement was reached to submit the matter on the transcript of the preliminary examination. Since the preliminary contained only inculpatory testimony, the court properly treated these proceedings as tantamount to a plea of guilty and obtained the necessary express waivers and gave the necessary advisements as to the nature and consequences of a plea of guilty. (*In re Mosley* (1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473].) The judge told the defendant he would be found guilty on all counts and would be sentenced to nine years in prison. He said, "...I am going to pronounce sentence as to Count One of five years, two years on the use, which makes seven, a year on Count Two and a year on count Three, a total of nine years Determinate sentencing, of which you will probably be called upon to serve six." The defendant was advised that since he was charged with three separate robberies, three use allegations and three prior felony convictions, the theoretical maximum would be 12 years. There was an extensive discussion between the par-

---

[1]Whether all of this results in any uniformity of sentencing is doubtful. Tough judges still sentence severely, easy judges leniently—all within the rules. One result is crystal clear—sentencing today affords a rich field of appellate litigation. It has long since passed that old standby, inadequacy of counsel, and is neck and neck with Penal Code section 1538.5 in Shepard's citations.

ties, with the defendant taking an active part, as to the various aspects of enhancement via use allegations and priors. The defendant agreed to the sentence with the full knowledge that the sentence was a period of nine years—no matter how the judge arrived at that figure. His enthusiasm was understandable. He was facing a possibility of a considerably longer term with three robberies, three use allegations and three priors —with apparently no defense. Now on appeal, the defendant contends that the court improperly failed to detail the reasons for choosing the upper term of five years as required by Penal Code section 1170 and rule 439c and wants to knock two years off the agreed nine. No way!

There was no reason to attempt to comply with rule 439c, which provides that if the judge select the upper term the reason shall be stated orally on the record and shall contain a concise statement of the ultimate facts which the court deemed to constitute circumstances in aggravation justifying the term selection.

The defendant is not trying to set aside the agreement. To the contrary, he thinks the agreement is fine insofar as it chops off three years of his potential sentence. He just wants to drop a couple of years off the nine years on which he agreed. To allow this would be to perpetrate a fraud on the court.

Apparently, neither the authors of Penal Code section 1170 nor the authors of the Rules of Court considered the possibility of a slow plea. Rule 440 provides for the imposition of a stipulated term on a plea of guilty or nolo contendere so long as there is evidence in the record, or by stipulation, supporting the term. This goes along with the concept that there be a factual basis for a plea of guilty. However, a slow plea may not contain on the record appropriate facts for sentencing purposes.[2]

The concept of a slow plea is not recognized in the sentencing rules. Nevertheless, it has a place in our judicial system. There are many reasons for slow pleas, mostly matters of private concern to a defendant. If he wants to accept responsibility for his behavior without talking about

---

[2]In this case, parenthetically, the record happens to suffice. It shows beyond question three armed robberies, plus three priors. In this deal, the defendant was sentenced on one robbery and had two priors. Thus, under rule 421, there are circumstances in aggravation, i.e., other crimes, a pattern of violent conduct and more priors than were used. Thus, in this case, we could apply rule 421 to this particular slow plea. We decline to do so.

it, as he must under present practices for a plea of guilty or nolo contendere, he should be allowed to do so. If he wants to enter a slow plea with a clear understanding that he is going to get an aggravated term, that should be his privilege and we hold that there is no requirement that the record show any other reason for that term.

Defendant also contends that his prior was not valid because he was on parole from prison when he committed the instant offense.

This contention was shot down rather completely in *People v. Espinoza* (1979) 99 Cal.App.3d 59 [159 Cal.Rptr. 894]. Defendant's reliance on *People v. Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], is misplaced. The authors of *Cole* abandoned their position in favor of *Espinoza* in *People v. Butler* (1980) 104 Cal.App.3d 868 [162 Cal. Rptr. 913].

Judgment affirmed.

McDaniel, J., and Morris, J., concurred.