Opinion
BERNSTEIN, J.
Defendant appeals his conviction by a jury of violations of Penal Code sections 245, subdivision (a)(2) (assault with a deadly weapon), 417, subdivision (a)(2) (brandishing a firearm), and 236 (false imprisonment). For the Penal Code section 245 charge, appellant was sentenced to six months in the county jail; sentence as to the 417 and 236 convictions were stayed with the stays to become permanent upon completion of the sentence imposed for the 245 conviction.

*

Appellant contends the trial court erred in imposing the six-month jail sentence. Penal Code section 245, subdivision (a)(2), specifically provides that the minimum sentence for a violation of that section is six months in the county jail. However, appellant argues that the trial court should have imposed sentence under the lesser offense, i.e. the Penal Code section 417, subdivision (a)(1) or section 236 charges, and stayed the sentence as to the section 245, subdivision (a)(2) charge. However, Penal Code section *Supp. 4 1203.095[2] specifically provides that if sentence is stayed for a conviction of having violated Penal Code section 245, subdivision (a)(2) a six-month jail term must still be imposed, unless the case is found to be an “unusual (case) where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without” imposing the six-month imprisonment requirement. (Pen. Code, § 1203.095, subd. (b).) Accordingly, the only basis for not imposing the six-month term is a finding that this is an unusual case in which the interests of justice would better be served by not imposing this sentence. The trial court considered this issue and found that it was not an unusual case to which the provisions of Penal Code section 1203.095, subdivision (b) applied. However, in doing so the trial judge demonstrated confusion as to what factors and criteria were to be considered in making this determination. The court apparently limited its consideration of whether the instant case was an unusual one to the circumstances of the crime, itself, and did not consider the defendant’s background and individual characteristics, or whether the defendant was likely to commit a crime in the future or had any criminal background other than the incident in question.
There are no specific guidelines designated as applicable to Penal Code section 1203.095, subdivision (b), which set out the criteria for determining whether a case is an unusual one for which the interests of justice require that a mandatory sentencing provision not be applied. However, guidelines and criteria have been established for a similar statutory provision, Penal Code section 1203, which concerns the granting of probation. Subdivision (e) of that section provides that probation shall not be granted to persons convicted of certain offenses unless the case is found to be an “unusual (case) where the interests of justice would best be served if the person is *Supp. 5 granted probation.” This is the same language as used in Penal Code section 1203.095, subdivision (b). For Penal Code section 1203, subdivision (e) specific guidelines and criteria to be considered by the trial judge in determining whether a case is an unusual one are set out in rule 416 of the California Rules of Court. If these criteria are met the mandatory sentencing provision should not be applied (People v. Marquez (1983) 143 Cal.App.3d 797, 803-804 [192 Cal.Rptr. 193]). Case law also provides further guidelines to the trial court in making its determination under Penal Code section 1203, subdivision (e). First, the guidelines shown in rule 416 are not exclusive. The court can consider any additional criteria reasonably related to the decision being made. (People v. Groody (1983) 140 Cal.App.3d 355, 360 [189 Cal.Rptr. 467].) The trial judge is to make the determination of whether the case is an unusual one, and in doing so is to consider all the facts and circumstances of the case. (People v. Axtell (1981) 118 Cal.App.3d 246, 257 [173 Cal.Rptr. 360].) This determination is a matter in which the trial court exercises its discretion and will not be disturbed on appeal unless a clear abuse of discretion is shown. However, when the trial court is either misinformed or misunderstands its discretionary powers under rule 416, the appellate court must remand the matter to the trial court for resentencing, with the trial court directed to consider the application of rule 416. (People v. Marquez, supra, at p. 804.)
There is no reason why these same guidelines and criteria established for Penal Code section 1203, subdivision (e) would not be equally applicable to a determination under Penal Code section 1203.095, subdivision (b). Accordingly we hold that the trial court, in making a determination under Penal Code section 1203.095, subdivision (b) of whether the case is an unusual one in which the interests of justice would best be served by not imposing the six-month jail term provided for by the statute, must consider the criteria set forth in rule 416 of the California Rules of Court. Specifically these are as follows: “When the granting of probation is prohibited by statute except in unusual cases where the interests of justice would best be served by granting probation, the following facts may indicate the existence of an unusual case:
“(a) If the defendant was armed with a deadly weapon at the time of the perpetration of the crime or of arrest, the fact that the crime was committed without advance planning or under circumstances of great provocation, and the defendant has no recent record of committing crimes of violence.
“(b) If the defendant inflicted great bodily injury or used or attempted to use a deadly weapon in the perpetration of the crime, the fact that the crime was committed without advance planning or under circumstances of great *Supp. 6 provocation and the defendant has no recent record of committing crimes of violence.
“(c) If the defendant has suffered one or more previous felony convictions, the fact that the last felony conviction and release from incarceration occurred a substantial time prior to the current crime, and during the interim the defendant led a life free from serious violation of the law.
“(d) The fact that the defendant participated in the crime under circumstances of coercion or duress not amounting to a defense.
“(e) The fact that the crime was committed because of psychological problems not amounting to a defense, that psychological or psychiatric treatment will be required as a condition of probation, and that the court is convinced that the treatment has a high likelihood of being successful and that the defendant will not be a danger to others.
“(f) The fact that the defendant is youthful or aged, and has no significant record of prior criminal offenses.
“(g) The fact that the defendant or a member of his immediate family is in extremely poor health, and imprisonment of the defendant would be likely to seriously worsen that health problem.” In addition, the court is to consider any additional criteria reasonably related to this determination and is to consider all the facts and circumstances of the case.
In the instant case the trial court clearly did not consider these relevant factors. Accordingly, the cause is remanded to the trial court to consider the various criteria set out in rule 416 in determining whether this is a case in which the mandatory six-month jail sentence should not be imposed. Based upon our review of the case, we would not find it an abuse of discretion should the trial court find that Penal Code section 1203.095, subdivision (b) was applicable;[3] however this is a decision for the trial court to make after all the relevant criteria have been considered.
The judgment is affirmed as to the conviction, reversed as to sentence imposed; the matter is remanded to the trial court to reconsider its deter *Supp. 7 mination under Penal Code section 1203.095, subdivision (b) in accordance with the guidelines and criteria set out in this opinion.
Reese, P. J., and Cooperman, J., concurred.

This part not certified for publication. See footnote, ante, page Supp. 1.

Section 1203.095 provides: “(a) Except as provided in subdivision (b), but notwithstanding any other provision of law, if any person convicted of a violation of paragraph (2) of subdivision (a) of Section 245, of a violation of subdivision (b) of Section 245 involving an assault with a firearm, of a violation of Section 246, or a violation of subdivision (b) of Section 417, is granted probation or the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned for at least six months, and if any person convicted of a violation of paragraph (2) of subdivision (a) of Section 417 is granted probation or the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned for at least three months.
“(b) The provisions of subdivision (a) shall apply except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the imprisonment required by subdivision (a), or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in subdivision (a), in which case the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by such a disposition.
“(c) This section does not prohibit the adjournment of criminal proceedings pursuant to Division 3 (commencing with Section 3000) or Division 6 (commencing with Section 6000) of the Welfare and Institutions Code.” (Italics added.)

Appellant apparently had no criminal background, was an ordained minister, and committed the crime because of an unusual situation which was not likely to reoccur. All parties apparently agreed that, absent the statutory mandate, a six-month jail term was not warranted.