AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

AUINA TO'OTO'O, Defendant

High Court of American Samoa
Appellate Division

CR No. 120-84
AP No. 003-85

November 27, 1985

Before MURPHY, Acting Chief Justice.

Counsel:  For the Appellee, John Parton, Assistant Attorney
          General
          For the Appellant, John Ward

Auina To'oto'o was convicted of two counts of larceny and fraud, one count of embezzlement and one count of false entry in a record, all committed by approving loans while acting as president of the Development Bank of American Samoa. The Bank's lawyer, John W. Von Cramm, the borrower, was also convicted of two counts of larceny and fraud and one count of embezzlement. Both defendants were sentenced to 5 years imprisonment.

After conviction and imprisonment, Von Cramm: 1. Lost his license to practice law, and 2. Began a course of hospitalization for coronary problems which may have been aggravated by the stress of imprisonment. On motion, the court probated the balance of his sentence on the condition that he repay the loans.

Not surprisingly To'oto'o now moves for relief from his sentence. He argues, correctly, that there are various reasons for imprisonment. One is to prevent the defendant from committing other crimes --- impossible in this case since he is no longer president of a bank or likely ever to be one again. Another is rehabilitation, not applicable in this case since the correctional facility is not equipped to help this defendant, and furthermore he didn't benefit from the crime in the first place. A deterrent effect on others may have already been achieved since the fact of exposure, prosecution, conviction and imprisonment has not been lost on others in positions of responsibility. The only reason for further imprisonment in To'oto'o case is

punishment. Of course, punishment is a legitimate consideration in criminal sentencing, although certainly not the only or perhaps the paramount consideration.

Comparative sentences are also important. In order for sentences to be fair they should be even handed. No crimes or criminals are identical, but similar crimes, committed by similar defendants should receive similar sentences. In other words, uniformity of sentencing is desirable. Judges (contrary to popular belief) are human and will find that tough judges will sentence severely and easy judges leniently. People v. Sutton, 113 Cal. App. 3d 162, 164, 169 Cal. Rptr. 656 (1980)(Gardner, P.J.).

However, sentences should bear a reasonable relationship to the average. "My object all sublime, I shall achieve in time. To make the punishment fit the crime." The Mikado, Act II, William Gilbert.

While the defendants in this case seem to have been treated identically by counsel, prosecutor and court (both trial and appellate) there is actually quite a difference in culpability. Consider, for example; the crime could never have been committed without the concurrence of To'oto'o. Had he (To'oto'o) exercised a public responsibility no crime could have occurred.

The court has asked counsel to review sentences imposed in similar cases. They have done so. As the prosecutor points out, nearly all other "white collar" crimes have been plea bargained. Much more lenient sentences have resulted.

Traditionally, a defendant who exhibits remorse and pleads guilty hopes for, and usually gets, a lighter sentence. On the other hand, a defendant should not be punished for insisting on his constitutional rights to a trial.

Taking all these factors into consideration the Court concludes that the interest of justice would be served by reducing the sentencing of Auina To'oto'o from 5 years to 3 years.

So ordered.