[No. F006526. Fifth Dist. Apr. 16, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM BRANDT, Defendant and Appellant.

144

---

COUNSEL

Charles M. Bonneau, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert D. Marshall and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

**BEST, J.**—In this case of first impression, we hold that a sentencing court may not dispense with a statement of reasons for its sentence choices by soliciting and obtaining a waiver of the statement of reasons from the defendant.

Pursuant to a negotiated plea, defendant pleaded guilty to simple kidnapping (Pen. Code,[1] § 207) reduced from kidnapping for the purpose of robbery (§ 209, subd. (b)) as charged in count I of the information. Additional counts charging defendant with attempted robbery (count II; §§ 664, 211), felonious assault (counts III and IV; § 245, subd. (a)(2)), and impersonation of a police officer, a misdemeanor (count V; § 538d) were dismissed on motion of the district attorney. Defendant also admitted five prior felony convictions with separate prison terms alleged pursuant to section 667.5, subdivision (b), and a sixth was dropped by the district attorney.

The negotiated plea did not include an agreement as to the sentence to be imposed.

At the sentencing hearing, the trial court asked defendant if he would waive a statement of reasons for imposition of the sentence, and defendant, through his counsel, indicated that he would waive a statement of reasons.

Defendant was sentenced to the upper term of seven years on count I. No sentence was imposed for the first alleged prior conviction, the charge having been reduced to a misdemeanor. On the remaining four prior convictions, consecutive sentences were imposed of one year each, for a total sentence of eleven years. No reasons were stated for denial of probation or imposition of the upper term, pursuant to defendant's waiver through counsel. The pertinent part of the sentencing hearing was as follows:

"MR. MILLS [defense counsel]: Your Honor, there are no corrections or errors or omissions. However, I would like to speak briefly to the report and make comments.

"Firstly, on the cover sheet it would indicate there are five prior felony convictions. And certainly that is what Mr. Brandt admitted to when he entered his plea.

"However, in researching the information after the plea was entered, it would appear that the first prior conviction that is alleged in the Information was subsequently reduced to a misdemeanor. And I don't believe that would be appropriate to enhance Mr. Brandt's sentencing one year with respect to that particular prior conviction.

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

"Now Mr. Brandt is not surprised by the recommendation set forth in the report regarding his sentencing. However, because of the circumstances surrounding this particular transaction, irrespective of the one prior conviction that I already pointed out, we are asking the Court to consider the median term rather than the aggravated term which has been recommended by the Probation Officer.

"........................................................

"THE COURT: Very well. Are there any further comments?

"MR. MILLS: No, Your Honor, there is nothing else that either Mr. Brandt or myself would like to call to the Court's attention.

"THE COURT: Very well. It would be the intention of the Court to follow the recommendation of the Probation Officer, and also to grant your request with respect to the prior offense which was later declared to be a misdemeanor. That is the April 22nd, 1964, offense.

"Knowing that do you wish to waive further arraignment for judgment?

"MR. MILLS: Yes, Your Honor.

"THE COURT: Is there any legal cause why judgment and sentence should not now be pronounced?

"MR. MILLS: No, Your Honor.

"THE COURT: All right. Do you wish the Court to give a statement of the reasons or do you give up the right to have a statement of the reasons?

"MR. MILLS: Your Honor, Mr. Brandt has indicated we would waive the statement of reasons." The trial court then denied probation and imposed the upper base term on count I and four consecutive one-year terms pursuant to section 667.5, subdivision (b).

Defendant contends that such a purported waiver is not permissible under the Uniform Determinate Sentencing Act. Plaintiff contends that defendant properly waived his personal right to a statement of reasons and that the trial court's violation of the People's right to a statement of reasons does not support a reversal of defendant's sentence. For reasons to be

discussed, we hold that the procedure undertaken by the trial court in obtaining defendant's waiver of a statement of reasons was improper and requires a remand for resentencing.

Section 1170, subdivision (c), states, "The court shall state the reasons for its sentence choice on the record at the time of sentencing." Subdivision (b) of section 1170 provides in pertinent part, "The court shall set forth on the record the facts and reasons for imposing the upper or lower term." Rule 443 of the California Rules of Court provides: "Whenever the giving of reasons by the sentencing judge is required, the judge shall state in simple language the primary factor or factors that support the exercise of discretion or, when applicable, state that the judge has no discretion. The statement need not be in the language of these rules. It shall be delivered orally on the record."

As this court stated in *People* v. *Wilson* (1982) 135 Cal.App.3d 343, 352 [185 Cal.Rptr. 498], "The purpose of requiring the trial court to state its reasons for exercising sentencing discretion is to provide uniformity and proportionality in sentencing and meaningful appellate review to determine whether the trial court has abused its discretion." In other words, the purpose of section 1170, subdivision (c), is (1) to protect the defendant against unfettered trial court discretion at sentencing, and (2) to promote the public policy goal of uniform and proportional sentences. Our Supreme Court has stated a third reason for requiring a statement of reasons—"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686].) By requiring an articulation of reasons for the trial court's sentencing choices, the trial court is forced to meaningfully weigh its decision to impose a particular sentence and to show its awareness of the different factors and rules which bear upon its decision.

For example, the trial court in the instant case bypassed the requirement of a statement of reasons twice by obtaining a single waiver from the defendant. Under section 1170, subdivision (c), the court was required to state reasons for imposing a prison sentence as opposed to granting probation.[2] Second, since the court imposed the aggravated term, section 1170, subdivision (b), required the court to state "facts and reasons" for the court's choice.[3]

[2]Where the defendant is ineligible for probation, rule 443 of the California Rules of Court requires that the court state it has no discretion to grant probation and the court should state why its discretion is limited, e.g., statutory prohibition.

[3]We do not imply that a separate statement of reasons for denying probation and for imposing the aggravated term is required. An adequate statement of reasons for imposing the

Although California Rules of Court, rule 440[4] does provide two situations in which the requirement of a statement of reasons under rule 443 may be bypassed, it requires either acceptance by the prosecuting attorney of defendant's specification of the punishment or express personal agreement by the prosecuting attorney, defense counsel, and defendant. Furthermore, as we recently noted in *People* v. *Zaragoza* (1987) 188 Cal.App.3d 723, 736 [233 Cal.Rptr. 627], "[r]ule 440 generally involves a plea bargain in which the defendant usually receives an affirmative benefit, a bargained-for exchange. Where all are agreed about the disposition, enforcement of the statement of reasons requirement may not be necessary to protect the defendant's rights."

This case obviously does not come within the provisions of California Rules of Court, rule 440. Instead, some of the concerns stated in the *Zaragoza* case are applicable here. In *Zaragoza,* we stated: "Where the trial court solicits the waiver, as here, the defendant or his counsel reasonably might infer, rightly or wrongly, that a negative response might come home to haunt the defendant when the trial court is 'forced' to sentence him in accordance with the law. In other words, the solicitation of waiver practice could chill the exercise of the defendant's right to be sentenced as the Legislature and Judicial Council contemplated." (*People* v. *Zaragoza, supra,* 188 Cal.App.3d 723, 736.)

 For the above reasons, we hold the trial court erred in failing to orally state on the record the reasons for its sentence choice.

Plaintiff argues that it is unnecessary to remand for resentencing since the

---

aggravated term implicitly includes reasons for denying probation. (*People* v. *Kellet* (1982) 134 Cal.App.3d 949, 960-961 [185 Cal.Rptr. 1]; *People* v. *West* (1980) 107 Cal.App.3d 987, 995 [165 Cal.Rptr 24].)

In a multiple sex offense case, however, the trial court may be called upon to make two additonal sentencing choices, each requiring a separate statement of reasons. Depending upon the facts of a particular case, the court might choose to impose a consecutive term under sections 669 and 1170 and also a full, separate and consecutive term under section 667.6, subdivision (c). (*People* v. *Belmontes, supra,* 34 Cal.3d 335, 347.)

[4]Califo rnia Rules of Court, rule 440 provides as follows: "(a) If a plea of guilty or nolo contendere was entered pursuant to section 1192.5 and the plea was accepted by the prosecuting attorney in open court and was conditionally approved by the court, the defendant's specification of the punishment and the prosecuting attorney's acceptance thereof in open court constitutes an adequate reason for the imposition of the punishment specified.

"(b) Whenever the prosecuting attorney and the defendant, by counsel and personally, have expressly stated that they agree or have no objection to a prison sentence of a specified length or to another specified disposition, the judge may recite their agreement or lack of objection as part of the record, and their agreement or lack of objection constitutes an adequate reason for imposition of the sentence or other disposition specified."

probation officer's report provides an adequate substitute for a statement of reasons in this case. We have previously rejected this contention in *People v. Turner* (1978) 87 Cal.App.3d 244, 247 [150 Cal.Rptr. 807].

The judgment is reversed and the cause remanded to the trial court for the limited purpose of resentencing in accord with the views expressed in this opinion.

Ballantyne, J., and Harris, J.,* concurred.

---

*Assigned by the Acting Chairperson of the Judicial Council.