[No. A034768. First Dist., Div. Four. July 17, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL CUSHWAY, Defendant and Appellant.

**COUNSEL**

Steven James Choi, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ANDERSON, P. J.**— Michael Cushway (appellant) pled guilty in 1984 to possessing heroin (Health & Saf. Code, § 11350), and was sentenced to state prison for the aggravated term of three years; but execution was suspended and he was placed on probation with one condition being that he possess no drugs without a prescription. Eighteen months later and while still on probation, he was charged with possession of heroin for sale (Health & Saf. Code, § 11351); the district attorney moved to revoke probation.

At the hearing following summary revocation, evidence was admitted consisting of (1) the probation officer's testimony that appellant had been arrested four times during probation; (2) the arresting officer's testimony regarding the events of appellant's latest arrest; and (3) the chemist's testimony that the substance seized from appellant was heroin. The court ordered that appellant's probation remain revoked, and it lifted the suspension of the previously imposed state prison term.

Appellant does not claim that the People failed to meet their burden of showing by clear and convincing evidence that he was in violation of his probation. Nor does he claim that the court failed to adequately state its reasons for revoking probation as required by *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], requirements which " 'in themselves serve as substantial protection against ill-considered revocation . . . .' " (*People* v. *Scott* (1973) 34 Cal.App.3d 702, 706 [110 Cal.Rptr.

402].) These requirements were met. The court clearly stated that the evidence it relied upon in revoking probation was the testimony it heard during the proceedings, and the reason for revoking probation was that appellant "willfully violated the conditions of probation requiring him to be of good conduct and to obey all laws."

■ Appellant's sole argument on appeal is that "the trial court erred in failing to state its reasons for choosing not to reinstate probation" following formal revocation. Appellant contends specifically that the trial court failed to comply with Penal Code[1] section 1170, subdivision (c), and the California Rules of Court, rule 405(f),[2] requiring a statement of reasons for a sentence choice. The argument lacks merit. Although no California case squarely addresses this issue, we hold that when sentence had been imposed but execution suspended and subsequently probation is revoked, refusal to reinstate probation is not a "sentence choice" which requires a statement of reasons.

"Probation" is defined as "the suspension of the imposition or execution of a sentence . . . ." (§ 1203, subd. (a).) "Sentence" is defined as "The judgment formally pronounced . . . upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted." (Black's Law Dict. (5th ed. 1979) p. 1222.) The granting of probation is not a "sentence" or a form of punishment, but an act of clemency extended to the defendant by suspending the sentence. (See *In re Bine* (1957) 47 Cal.2d 814 [306 P.2d 445]; *People* v. *Gilchrist* (1982) 133 Cal.App.3d 38, 47 [183 Cal.Rptr. 709].) Nevertheless, the "granting of probation and the suspension of imposition or execution of a sentence" is included in the term "sentence choice." (Cal. Rules of Court, rule 405(f).)

According to section 1170, subdivision (c), "The court shall state its reasons for the sentence choice . . . *at the time of sentencing*." (Italics added.) As can be seen from the chapter headings preceding section 1170 (ch. 4.5, art. 1),[3] the time the statute refers to is the time of "initial sentencing." In the case at hand the initial sentencing occurred when appellant was sentenced on his original charge in 1984. At that time the court was required to state its reasons under section 1170 for its "sentence choice," including the grant of probation. This the court partially did: "Let the

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] Section 1170, subdivision (c), states in part: "The court shall state the reasons for its sentence choice on the record at the time of sentencing."

California Rules of Court, rule 405(f) states: " 'Sentence choice' means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence."

[3] Chapter 4.5 "Trial Court Sentencing," article 1 "Initial Sentencing."

record reflect the Court has read and considered a probation report consisting of nine pages and a statement in mitigation submitted by the Public Defender. . . . [¶] [T]he Court has imposed the aggravated term for the following reasons: the defendant's prior convictions are numerous. The defendant served a prior prison term. The defendant was on parole at the time of the offense. The defendant's prior performance on parole and/or probation was unsatisfactory."[4] The fact that execution of the initial sentence was suspended and appellant was placed on probation does not render a subsequent probation revocation, an "initial sentencing." We hold, therefore, that the section 1170 "sentencing choice" requirement is inapplicable here.

Appellant's citation of *People* v. *Lutes* (1981) 117 Cal.App.3d 830 [173 Cal.Rptr. 300], and *People* v. *Lock* (1981) 30 Cal.3d 454 [179 Cal.Rptr. 56, 637 P.2d 292], for the proposition that there is a sua sponte obligation upon the court to give reasons for rejecting further probation, does not persuade us to the contrary. Neither *Lutes* nor *Lock* concern the problem we face here. In *Lutes,* the defendant was found to be a mentally disordered sex offender (MDSO), committed to a state hospital, returned as not being amenable to treatment and then sentenced to state prison without the trial court articulating any reason whatsoever for the sentencing choice at any time. (*People* v. *Lutes, supra,* 117 Cal.App.3d at pp. 831-832.) *Lock* involved termination of MDSO proceedings, reinstatement of criminal proceedings and sentencing to state prison without first following the statutory mandate of determining whether the defendant could or could not benefit from treatment as a MDSO. (*People* v. *Bracamonte* (1982) 137 Cal.App.3d 936, 939 [187 Cal.Rptr. 525].) Both cases involved an "initial sentencing" for the acts of which they were convicted. Here, we are not concerned with an initial sentencing but with a proceeding occurring long after that initial imposition of sentence.

In a probation revocation proceeding there is no requirement of a statement of reasons for denying reinstatement of probation with modification.[5] Reasons for denying probation have been held to be unnecessary since they are implicitly included in the reasons stated for imposing an aggravated term (*People* v. *Kellett* (1982) 134 Cal.App.3d 949, 961 [185 Cal.Rptr. 1]; *People* v. *Butler* (1980) 107 Cal.App.3d 251, 256 [165 Cal.Rptr. 709]; *People*

---

[4] We note, parenthetically, that the court did not specifically state reasons for suspending execution and placing appellant on probation; this it should have done even if it appeared somewhat contradictory.

[5] See *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995], a case prior to the Determinate Sentencing Law (DSL), which held that a statement of reasons for denial of probation is not constitutionally required. Also see *People* v. *Jardine* (1981) 116 Cal.App.3d 907, 923 [172 Cal.Rptr. 408], which held that the *Edwards* rule applies to sentences under the DSL.

v. *West* (1980) 107 Cal.App.3d 987 [165 Cal.Rptr. 24]; *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 838 [155 Cal.Rptr. 780]), for imposing a consecutive sentence (*People* v. *Reynolds* (1986) 186 Cal.App.3d 1385, 1398 [223 Cal.Rptr. 69]; *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561 [199 Cal.Rptr. 796]; *People* v. *Whitehouse* (1980) 112 Cal.App.3d 479, 486 [169 Cal.Rptr. 199]), and for imposing a midterm sentence (*People* v. *Mobley* (1983) 139 Cal.App.3d 320, 324 [188 Cal.Rptr. 583]; *People* v. *Crouch* (1982) 131 Cal.App.3d 902, 904 [182 Cal.Rptr. 701]; *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 599 [165 Cal.Rptr. 179]; *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10]). It makes no more sense to require the court to state its reasons for denying reinstatement of probation following revocation than it would to require it to state its reasons for denying probation when it imposes an aggravated or consecutive term. This is so since the reasons for revoking probation *are* the reasons for denying reinstatement to probation, just as surely as the reasons for imposing the aggravated term *are* the reasons for denying probation.

The judgment is affirmed.

Channell, J., concurred.

**POCHÉ, J.**—I concur in the judgment on the sole basis that the imposition of a previously suspended prison sentence following revocation of probation is not a sentencing choice requiring a statement of reasons within the meaning of Penal Code section 1170, subdivision (c), and rule 405(f) of the California Rules of Court.

Appellant's petition for review by the Supreme Court was denied September 30, 1987.