[No. A036091. First Dist., Div. Four. Aug. 17, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ACE J. SLAUGHTER, Defendant and Appellant.

**COUNSEL**

Donna Leota Hall, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steven White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Josanna Berkow, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ANDERSON, P. J.**— Ace J. Slaughter (appellant) pled guilty to a charge of violating section 11352 of the Health and Safety Code. Pursuant to a negotiated disposition, imposition of his sentence was suspended, and he was placed on probation with the condition that he serve 90 days at the Sheriff's Work Alternative Program (SWAP). When appellant failed to surrender to SWAP on the appointed date, his probation was revoked and a bench warrant was issued for his arrest. At the hearing following summary revocation, the court ordered that probation remain revoked and sentenced appellant to prison for the midterm of four years.

Appellant contends that the "court committed error when it failed to state reasons for its decision not to reinstate probation . . . ." He bases this argument on the definition of "sentence choice" (Cal. Rules of Court, rule

405(f)) and the requirement of Penal Code[1] section 1170, subdivision (c), which imposes upon the court a duty of stating reasons for its sentence choice. We hold that the sentence to prison following probation revocation herein does not require an accompanying statement of reasons and, therefore, we decline to remand for resentencing.

### The Initial Sentencing

According to section 1170, subdivision (c), "The court shall state the reasons for its sentence choice on the record *at the time of sentencing. . . .*" (Italics added.) As can be seen from the chapter headings preceding section 1170 (ch. 4.5, art. 1),[2] the time the statute refers to is the time of "initial sentencing." Only at this time is the court required to state its reasons under section 1170 for its "sentence choice." By rule the "granting of probation and *the suspension of imposition* or execution of a sentence" is included in the term "sentence choice." (Cal. Rules of Court, rule 405(f), italics added.)[3] Thus, the statement of reasons requirement is satisfied during this stage of the proceeding when reasons for suspending imposition of a sentence are adequately given (as was the case here).

California Rules of Court, rule 440[4] provides that the general statement of reasons requirement[5] is satisfied when there is either acceptance by the prosecuting attorney of defendant's specification of the punishment, or express personal agreement by the prosecuting attorney, defense counsel and defendant. (*People* v. *Brandt* (1987) 191 Cal.App.3d 143, 148 [236 Cal.Rptr. 258].) This generally involves plea negotiations in which the defendant usually receives an affirmative benefit. (*Ibid.*) Under these circumstances, the court need not give any other reason than to state that the disposition is

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] Chapter 4.5 "Trial Court Sentencing," article 1 "Initial Sentencing."

[3] California Rules of Court, rule 405(f) states: "Sentence choice' means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence."

[4] Rule 440 provides in part: "(a) If a plea of guilty or nolo contendere was entered pursuant to section 1192.5 and the plea was accepted by the prosecuting attorney in open court and was conditionally approved by the court, the defendant's specification of the punishment and the prosecuting attorney's acceptance thereof in open court constitutes an adequate reason for the imposition of the punishment specified. [¶] (b) Whenever the prosecuting attorney and the defendant, by counsel and personally, have expressly stated that they agree or have no objection to a prison sentence of a specified length or to another specified disposition, the judge may recite their agreement or lack of objection as part of the record, and their agreement or lack of objection constitutes an adequate reason for imposition of the sentence or other disposition specified."

[5] We do not mean to imply that rule 440 states the only exceptions to the statement of reasons requirement. Case law, as well as other statutes, do express other exceptions.

pursuant to the negotiated agreement. (*Ibid.*; see also *People* v. *Sutton* (1980) 113 Cal.App.3d 162, 163 [169 Cal.Rptr. 656].)

In the instant case imposition of sentence was suspended and probation was granted pursuant to a plea agreement. Therefore, the court's reference to the negotiated disposition satisfied the statement of reasons requirement at this stage of the proceedings.

*Sentencing Upon Revocation of Probation Following the Suspension of Imposition of Sentence*

■ We are urged to find that unlike sentencing following a formal probation revocation hearing when sentence had previously been imposed but execution thereof suspended,[6] sentencing after probation revocation when *imposition* of sentence was initially suspended is an "initial sentencing choice." We are told this is so since at a probation revocation hearing, one possible disposition of the case which requires the exercise of discretion of the court is a modification of the terms of probation, and another possible disposition is reinstatement of probation without a change in terms. Thus, the judge has three choices when an appellant admits to being in violation of probation, and this is a "sentence choice" that requires a statement of reasons.

We reject the argument. To so hold requires us to find two "initial sentencings": (1) when imposition of sentence is first suspended and (2) when sentence is imposed following revocation. Both the Legislature and the Judicial Council, in adopting statutes and rules respectively, were well aware of the stage of proceedings with which we here are confronted—i.e., sentencing following revocation. Neither legislative body chose to require reasons at this stage. This may well be because they recognized that the reasons required to be given (see *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]) for revocation *are* the reasons for sentencing to prison. Whether true or not, it is clear the legislative bodies knew of the situation we here face and, knowing of it, chose not to specifically require reasons. We decline to do for them what they presumably have affirmatively rejected to do themselves.

Furthermore, we note that appellant was statutorily presumed ineligible for probation.[7] Section 1203, subdivision (e), does provide that "Except in

---

[6] This court recently addressed the requirement of a statement of reasons when probation is revoked subsequent to a suspension of execution of sentence in *People* v. *Cushway* (1987) 193 Cal.App.3d 776 [238 Cal.Rptr. 527].

[7] The People contend the court was correct in stating that appellant was not eligible for probation. They base this argument upon Health and Safety Code section 11370 which "pro-

unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: . . . [¶] (4) Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony." Since appellant has several prior felony convictions, section 1203, subdivision (e), would appear to apply. In making a determination under section 1203, subdivision (e), probation *shall not be granted* unless the case is found to be "unusual," where " 'the interests of justice would best be served if the person is granted probation . . . .' " (*People* v. *Collier* (1979) 90 Cal.App.3d 658, 660-661 [153 Cal.Rptr. 664]; *People* v. *McClintock* (1984) 159 Cal.App.3d Supp. 1 [205 Cal.Rptr. 639].) This statute creates a strong presumption against granting probation and for sentencing to prison. (*People* v. *Axtell* (1981) 118 Cal.App.3d 246, 256 [173 Cal.Rptr. 360].) Accordingly, the circumstances leading the court to conclude that the case is "unusual" must be stated on the record (§ 1203, subd. (f)); no such statement was given here,[8] and there is no requirement that the court state why it concluded the case was *not* "unusual." (*People* v. *Langevin* (1984) 155 Cal.App.3d 520, 524 [202 Cal.Rptr. 234].)

In sum, because neither the Legislature nor the Judicial Council has seen fit to require reasons and, because none are given in finding this an unusual case, we hold that no reasons need be stated for imposing prison for the midterm following revocation of probation which had been granted following suspension of imposition of sentence.

The judgment is affirmed.

Sabraw, J., concurred.

**POCHÉ, J.,** Concurring and Dissenting.—I concur. I agree that by reason of his two prior felony convictions defendant was statutorily ineligible for probation (Pen. Code, § 1203, subd. (e)(4))[1] and I further agree that under

---

hibits probation for any person convicted of violating section 11350 and/or 11351" of the Health and Safety Code. This prohibition, however, is inapplicable to appellant since it is found in an amendment to the law which became effective well over a year *after* appellant committed his crime. (Stats. 1986, ch. 1044, § 40.) We note, however, that had defendant's prior conviction by jury trial of violating Health and Safety Code section 11351 been alleged in the information or admitted by the defendant, then defendant would have been ineligible for probation under section 1203.07.

[8] In this case the only statement made following revocation of probation was, "the Court has read and considered the report of the probation officer filed in this matter and finds that you are not eligible for probation." This is the only statement other than the reference (at initial sentencing) to the negotiated disposition discussed previously.

[1] All statutory references are to the Penal Code.

those circumstances the trial court had no obligation to state a reason for its sentencing choice of state prison for the middle term. That result is correct because (1) where one is statutorily ineligible for probation, the trial court is not required to explain why it is choosing state prison over probation (see, e.g., *People* v. *Langevin* (1984) 155 Cal.App.3d 520, 523 [202 Cal.Rptr. 234]), and (2) imposition of the middle term, rather than the upper or lower term, does not require a statement of reasons (§ 1170, subd. (b); Cal. Rules of Court, rule 439(c)). But I totally disassociate myself and dissent from the dicta in the majority opinion which declares that a statement of reasons is *never* required when the court terminates probation and imposes a state prison term following revocation of probation where imposition of sentence had initially been suspended. (See majority opn., *ante,* pp. 98-99.) That broad statement is an incorrect statement of the law.

A sentence choice is "the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence." (Cal. Rules of Court, rule 405(f).) There is no question in my mind that the definition includes a decision to send a defendant to prison upon termination of probation where imposition of sentence was previously suspended. Nor does there seem to be any question in the minds of those who draft and promulgate the Sentencing Rules for the Superior Courts. (Cal. Rules of Court, rule 401 et seq.)

Where probation has been revoked on a defendant whose imposition of sentence had been suspended, the trial court has numerous options (1) it can reinstate probation on the same terms, (2) it can reinstate probation on modified terms, or (3) it can terminate probation and send the probationer to state prison. (§ 1203.2, subds. (a)-(c); Cal. Rules of Court, rule 435(a) and (b)(1).)

If the court decides to terminate probation, and send the defendant to state prison, it must then decide, of course, on the length of the sentence. Rule 435(b)(1) instructs that determination is to be made upon considering (1) any findings previously made by the court which had granted probation (see rule 433(b)), and (2) the factors set forth in rule 433(c), which are the factors considered at every sentencing. Rule 433(c) tells the sentencing judge to (1) "Hear evidence in aggravation and mitigation, and determine, pursuant to section 1170(b), whether to impose the upper, middle or lower term; and *set forth on the record the facts and reasons for imposing the upper or lower term,*" (2) determine whether to impose or strike any enhancement, (3) determine if consecutive or concurrent sentences are appropriate, (4) determine if any statutory prohibitions apply, and (5) *"Pronounce the*

*court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law."* (Italics added.)

In short, rule 433(c) requires that in imposing sentence following revocation of probation the sentencing court must follow the identical procedure it would use in imposing sentence for the very first time following a jury verdict. Put plainly, the judge must give reasons for each and every sentencing choice he or she makes, such as to impose an upper or lower term, or a consecutive sentence.

The majority's rationale, is that to require a statement of reasons at this stage is to have "two 'initial sentencings'" something it believes is contrary to the intent of the Legislature and the drafters of the Rules of Court. (Majority opn., *ante,* pp. 98-99.) To the contrary, two sentencings are contemplated, endorsed and required by the drafters of the Rules of Court.

Appellant's petition for review by the Supreme Court was denied October 29, 1987. Mosk, J., was of the opinion that the petition should be granted.