[No. A049051. First Dist., Div. Four. Jan. 2, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD HAWTHORNE, Defendant and Appellant.

**COUNSEL**

Fiedler, Gardner & Derham and Robert Derham for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**POCHÉ, J.**—Upon revoking probation, is a trial court required to give a statement of reasons when it decides to impose a state prison sentence where no sentence has previously been imposed? The answer is yes. (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1312-1315 [274 Cal.Rptr. 527]; *People v. Pennington* (1989) 213 Cal.App.3d 173, 176-177 [261 Cal.Rptr. 476]; *People v. Jackson* (1987) 196 Cal.App.3d 380, 387 [242 Cal.Rptr. 1]; contra dictum, *People v. Slaughter* (1987) 194 Cal.App.3d 95, 98-99 [239 Cal.Rptr. 337] [but see conc. and dis. opn.].)

A.

Defendant Edward Hawthorne pleaded guilty to one count of selling cocaine (Health & Saf. Code, § 11352), and was placed on probation for three years. Six months later, and following his arrest for trespassing and possession of cocaine, the prosecutor moved to revoke probation. At the conclusion of the hearing, the court ordered defendant's probation revoked, and sentenced defendant to state prison for the middle term of four years.

"THE COURT: All right. It is unquestionably clear the defendant's in violation of the terms of his probation, and the motion to revoke is granted. Probation is revoked. Do you waive formal arraignment for judgment?

"[DEFENSE COUNSEL]: Yes.

"THE COURT: Any legal cause why judgment should not now be pronounced?

"[DEFENSE COUNSEL]: No.

"THE COURT: All right. The record will show the Court has heretofore read and considered the original presentence report . . . and the Court also has read and considered the supplemental report bearing today's date. [¶] It is now the judgment and sentence of this Court that the defendant, Edward Hawthorn[e], on a violation of 11352 of the Health and Safety Code, be committed to the state prison for the mid term of four years . . . ."

## B.

Defendant contends that the trial court erred in failing to give a statement of reasons when it decided to sentence him to state prison. We agree.

When the trial court decided to revoke defendant's probation, it had the option of either placing defendant on probation once again, on the same or modified conditions, or terminating probation and sentencing defendant to state prison. (Pen. Code, § 1203.2, subds. (b) and (c);[1] Cal. Rules of Court, rule 435(a) and b(1); *People* v. *Latham* (1988) 206 Cal.App.3d 27, 29 [253 Cal.Rptr. 379]; *People* v. *Bookasta* (1982) 136 Cal.App.3d 296, 300 [186 Cal.Rptr. 193].) Here the trial court decided to deny probation and sentence defendant to state prison: no statement of reasons was given.

■ At an initial sentencing hearing, when the court has the discretion to grant probation, the decision to grant probation is a sentence choice which requires a statement of reasons. (§ 1170, subd. (c); Cal. Rules of Court, rule 405(f).)[2] Where the court chooses to impose a middle term in state prison sentence rather than probation, the selection of imprisonment over probation is a sentence choice as well which requires a statement of reasons. (Cal. Rules of Court, rules 439(d)[3] and 443; *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1151 [213 Cal.Rptr. 774]; *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 324 [188 Cal.Rptr. 583]; *People* v. *Salazar* (1980) 108 Cal.App.3d 992, 1000 [167 Cal.Rptr. 38]; *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10]; see also *People* v. *Golliver* (1990) 219 Cal.App.3d 1612, 1616 [269 Cal.Rptr. 191].)

The question here is whether these rules change for a sentencing following revocation of probation where *imposition of sentence had initially been suspended.*[4] Both *People* v. *Pennington, supra,* 213 Cal.App.3d 173, 176-177,

---

[1] Unless otherwise indicated, all subsequent statutory references are to the Penal Code.

[2] The denial of probation, in and of itself, is not a sentence choice requiring a statement of reasons. (*People* v. *Gopal* (1985) 171 Cal.App.3d 524, 547-549 [217 Cal.Rptr. 487], cert. den. 476 U.S. 1105 [90 L.Ed.2d 359, 106 S.Ct. 1949]; *People* v. *Crouch* (1982) 131 Cal.App.3d 902, 904 [182 Cal.Rptr. 701].) The rationale is that the denial of probation is not the ultimate disposition of the case, but rather is part and parcel of the concomitant decision to sentence to state prison, and that is the sentence choice which requires a statement of reasons. (*People* v. *Butler* (1980) 107 Cal.App.3d 251, 254-255 [165 Cal.Rptr. 709]; accord *People* v. *Golliver, supra,* 219 Cal.App.3d at p. 1616, fn. 2.)

[3] Rule 439(d) of the California Rules of Court provides: "Selection of the middle term does not relieve the court of its obligation under section 1170(c) to state the reasons for imprisonment as its sentence choice."

[4] A different analysis is involved where a prison sentence has been imposed but execution of that sentence has been ordered suspended during a period of probation. (*People* v. *Latham, supra,* 206 Cal.App.3d 27, 29-31; *People* v. *Cushway* (1987) 193 Cal.App.3d 776, 778-779 [238 Cal.Rptr. 527].)

and *People* v. *Jackson, supra,* 196 Cal.App.3d 380, 387, and most recently *People* v. *Jones, supra,* 224 Cal.App.3d 1309, 1312-1315, held they do not.

The court in *Pennington* reasoned as follows: "Where no sentence is imposed at the time probation is granted, a subsequent decision terminating probation requires that judgment be pronounced. (§ 1203.2, subd. (c).) Rule 435(b)(1) [of the California Rules of Court] provides that: 'If the imposition of sentence was previously suspended, the judge shall impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 433(c).' Rule 433(c) [of the California Rules of Court] provides that the judge shall: '(5) Pronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law.' [¶] We thus conclude that where imposition of sentence was initially suspended, as opposed to pronouncement of judgment and suspension of execution, and defendant was placed on probation, a subsequent sentence to state prison upon revocation of probation is a sentence choice requiring a statement of reasons. [Citations.]" (Fn. omitted.) (*People* v. *Pennington, supra,* 213 Cal.App.3d at pp. 176-177.)

*Jackson* reached the same result, concluding in effect that the sentencing rules do not change for sentencing upon revocation of probation where imposition of sentence had initially been suspended. (196 Cal.App.3d at p. 389, citing *People* v. *Slaughter, supra,* 194 Cal.App.3d 95, 100-101 [conc. and dis. opn. of Poché, J.].)

A divided panel of this division reached a contrary conclusion by way of dictum[5] in *People* v. *Slaughter, supra,* 194 Cal.App.3d 95. The majority reasoned that section 1170, subdivision (c), requires a statement of reasons only once—when the trial court initially decides to suspend imposition of sentence and place the defendant on probation. In rejecting the defendant's argument that another statement of reasons was required when it was later decided to revoke probation and impose a state prison sentence, the majority commented: "To so hold requires us to find two 'initial sentencings': (1) when imposition of sentence is first suspended and (2) when sentence is imposed following revocation. Both the Legislature and the Judicial Council, in adopting statutes and rules respectively, were well aware of the stage of proceedings with which we here are confronted—i.e., sentencing following revocation. Neither legislative body chose to require reasons at this stage." (*People* v. *Slaughter, supra,* 194 Cal.App.3d at p. 98.)

---

[5] The defendant in *Slaughter* was statutorily ineligible for probation. As such, a statement of reasons was not required for choosing a middle state prison sentence over probation. (*People* v. *Langevin* (1984) 155 Cal.App.3d 520, 523 [202 Cal.Rptr. 234].)

The Attorney General urges this panel to adhere to the *Slaughter* dictum and distinguish the more recent holdings of *Jackson, Pennington,* and *Jones* as "not correct." To the contrary, we conclude that it is *Slaughter,* not *Jackson, Pennington* or *Jones,* which is not correct. The rationale of *Slaughter*—that there are no sentencing rules on revocation of probation although actual sentence has yet to be imposed—does not withstand scrutiny. Nor does its broad statement that neither the Legislature nor the Judicial Council contemplated that reasons would be given at this stage of sentencing.

The statutory mandate is that a statement of reasons must be given for a "sentence choice." (§ 1170, subd. (c).) The Rules of Court define a "sentence choice" as "the selection of *any disposition* of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence." (Cal. Rules of Court, rule 405(f), italics added.) Thus neither the statute nor the Rules of Court are limited in application to the initial sentence given in a criminal case. Instead by utilizing such broad terms as "disposition of a case" the drafters have anticipated that there can be multiple sentence choices in one criminal case.

There can be no serious question that a disposition of the case is involved in the situation at hand. Upon revocation of probation where imposition of sentence has been suspended, the Legislature has directed the trial court to "pronounce judgment." (§ 1203.2, subd. (c).) Similarly the Rules of Court direct the court to "impose judgment and sentence," and in so doing, to determine "the matters enumerated in rule 433(c)" (rule 435(b)(1)), the rule governing imposition of a prison sentence. Reference to rule 433(c) drives the intent of the drafters home: "If a sentence of imprisonment is to be imposed, . . . the sentencing judge shall: [¶] . . . (5) Pronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law."

The only reasonable construction of these rules and provisions is that a disposition is involved upon revocation of a probationary term where imposition of sentence had initially been suspended. At such a stage, the sentencing court must pronounce judgment and sentence and if it chooses to impose a state prison sentence rather than probation it must give a statement of reasons in support of that sentence choice. (Accord *People* v. *Jones, supra,* 224 Cal.App.3d 1309, 1312-1315.) *Slaughter* was incorrect in its dictum to the contrary, and we decline to follow it.[6]

---

[6] Taking *Slaughter* to its logical conclusion, there are no sentencing rules for a sentencing following revocation of probation. Under the *Slaughter* rationale the trial court could impose a consecutive sentence or an aggravated term without giving any statement of reasons for the sentencing rules applied only to the initial grant of probation.

## B.

The Attorney General's fallback position is that the trial court's reasons for revoking probation here—"it is unquestionably clear the defendant's in violation of the terms of his probation,"—satisfied its obligation to give a statement of reasons for choosing a state prison term over probation, rendering any error harmless. Once again we disagree.

When the court decided to revoke probation, as we have noted, it still had the discretion to continue defendant on probation on the same or modified terms. (§ 1203.2, subds. (b) and (c); Cal. Rules of Court, rule 435(a) and (b)(1); *People* v. *Latham, supra,* 206 Cal.App.3d at p. 29; *People* v. *Bookasta, supra,* 136 Cal.App.3d at p. 300.) In other words, a violation of the terms of probation does not automatically trigger both revocation of probation and imprisonment. It may well be in most cases that a trial court's decision on both scores is motivated by the defendant's poor performance on probation. But the record must clearly reflect the trial court understands that two separate and distinct decisions are involved: (1) to revoke; and (2) to sentence to state prison rather than to place on probation on new or modified conditions. (Cf. *People* v. *Belmontes* (1983) 34 Cal.3d 335, 348 [193 Cal.Rptr. 882, 667 P.2d 686].) A record like this one wherein the court's statement focuses directly and exclusively upon the decision to revoke, does not satisfy the court's obligation to give a statement of reasons for choosing state prison over probation. The error therefore cannot be deemed harmless.

## C.

Lastly, defendant contends that he was erroneously denied custody and good conduct credit for 56 days he served in jail prior to the initial grant of probation. The Attorney General commendably concedes that the record is unclear as to why the trial court refused to award the custody and conduct credits and notes that there are additional discrepancies in the record regarding credits due defendant.[7] We take the Attorney General's suggestion and put the question of credits to the trial court.

---

[7]The court awarded 182 days credit (121 custody days, 61 local conduct credit days). Those credits reflect time served after the revocation of probation, they do not reflect the time served (56 days) and good conducts earned (28 days) for the 56 days served prior to the initial grant of probation. Thus it appears that at a minimum, defendant has earned an additional 84 days of credit. The Attorney General so concedes.

Another discrepancy is that the probation report recommended *235* days credit (121 custody days, 114 local conduct credit days) whereas the court awarded, as noted, only 182 days credit (121 custody days and 61 conduct days). The record does not explain why defendant was given 53 days less conduct credits than recommended by the probation officer. The superior court is best equipped to answer that question.

The order revoking probation is affirmed. The cause is remanded for resentencing and recalculation of credits due defendant.

Perley, J., concurred. Anderson, P. J., concurred in the judgment only.