[Crim. No. 39724. Second Dist., Div. Five. May 19, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
DANE CRAIG CROUCH, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Carol L. Matsunaga, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Gelacio L. Bayani, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—Defendant was charged with possession of heroin for sale in violation of Health and Safety Code section 11351; he

was found guilty of possession (a lesser included offense) in violation of Health and Safety Code section 11350. Probation was denied and defendant was sentenced to state prison for the middle base term of two years.

It is unnecessary to set forth a full statement of the facts, for the sole issue presented is whether the court erred in failing to state the reasons for its sentence choice as required under Penal Code section 1170, subdivision (c), and if so whether that error requires that defendant be resentenced.

■ Penal Code section 1170, subdivision (c), provides in pertinent part: "The court shall state the reasons for its sentence choice on the record at the time of sentencing. . . ."

Penal Code section 1170, subdivision (b), states: ". . . The court shall set forth on the record the facts and reasons for imposing the upper or lower term [of the three available, i.e., lower, middle, upper]. . . ."

California Rules of Court, rule 439(d), restates the code requirements and explains the meaning of Penal Code section 1170, subdivision (c), as follows: "Selection of the middle term does not relieve the court of its obligation under section 1170(c) to state the reasons for imprisonment as its sentence choice." Hence, we see that the court need express no reasons for imposition of the midterm imprisonment sentence. Where the court has a sentence choice, as when probation is a possible alternative to imprisonment, the court must express its reasons for the sentence it imposes. ■ The court in sentencing defendant to state prison did not explain its sentence choice. It merely stated, "I will deny the defendant's application for probation, sentence him to state prison for a period of two years, credit for 130 days." This was error. The court should have stated on the record why it chose to sentence defendant to prison. This could have been done directly with explicit reasons or indirectly by stating why probation was deemed inappropriate.[1] (See *People* v. *Ramos, supra,* 106 Cal.App.3d 591, 599.)

---

[1]There is no requirement that a trial court explain why probation is denied. However, had probation been the sentence of choice, the court would have been required to state its reasons for that disposition. (*People* v. *Edwards* (1976) 18 Cal.3d 796, 798-799 [135 Cal.Rptr. 411, 557 P.2d 995]; *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 598 [165 Cal.Rptr. 179].)

The question remains, however, as to whether it is necessary to require resentencing. The court read and considered the probation report. The argument for probation on behalf of defendant was, at best, bottomed on shifting sand while the prosecutor stated chapter and verse from defendant's lengthy record, both juvenile and adult.[2] It appears to us that the record in this case justifies the order made, hence defense counsel's tacit acceptance of the sentence without statement of reasons can be construed as a waiver or invited error. To hold otherwise merely places form over substance and contributes to a "make-work" slowdown in the courts.

As an officer of the court, defense counsel has an obligation to assist the court in avoiding errors which merely squander court time and in no way constitute an exercise of his client's right to a fair trial.

Although we hold that the failure to follow rule 439(d) constituted error, under the particular circumstances of this case, resentencing is not mandated.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied May 28, 1982, and appellant's petition for a hearing by the Supreme Court was denied July 14, 1982. Kaus, J., did not participate therein.

---

[2]In *People* v. *Arceo* (1979) 95 Cal.App.3d 117 [157 Cal.Rptr. 10], cited by defendant, there is no indication that Arceo had a lengthy record.