[No. E010174. Fourth Dist., Div. Two. Dec. 8, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WORTMAN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III and IV.

## Counsel

David L. Tucker, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Howard Wayne and Demetra P. Lewis, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**DABNEY, J.**—A jury convicted defendant Robert Wortman of count 1, forcible rape (Pen. Code, § 261, subd. (a)(2))[1] and count 2, forcible oral copulation (§ 288a, subd. (c)). The court found true the special allegations of a prior serious felony conviction (§ 667, subd. (a)) and a second felony conviction for which he had served a prison term (§ 667.5, subd. (b).) The court imposed an eight-year upper term for the rape, a consecutive five-year enhancement for the prior serious felony conviction, a consecutive one-year enhancement for the prior prison term, and a full consecutive eight-year upper term for the oral copulation. The court stayed the enhancements as to count 2.

On appeal, Wortman asserts various sentencing errors. Specifically, he complains that the trial court erred in (1) selecting the maximum term and then reasoning backward to arrive at that sentence; (2) considering bodily harm, vulnerability of the victim, and callousness as factors in aggravation

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

as to the rape and increasingly serious convictions as a factor in aggravation as to the oral copulation; and (3) imposing full consecutive sentences without an adequate statement of reasons. The People argue that Wortman waived error at sentencing by failing to object in the trial court.

We reject the argument that sentencing error was waived. We find error in the trial court's failure to state adequate reasons for imposing full consecutive sentences; therefore, we remand for resentencing.

FACTS

Wortman does not raise any contentions that relate directly to the facts of the crimes of which he was convicted. The statement of facts will therefore be abbreviated.

Carolyn K. met Wortman at a party at a bar on Halloween in 1990. They shot pool and conversed with each other, and Carolyn became severely intoxicated. Around midnight, they decided to leave together in his truck to visit other bars. Instead, Wortman drove to a remote area and pulled off the road into the bushes. He then raped Carolyn and forced her to orally copulate him.

Additional facts are set forth as needed in the discussion.

DISCUSSION

I

*Waiver of Error*

■ The People contend that Wortman waived error in the sentencing decisions by failing to object at the sentencing hearing. The People acknowledge that courts have regularly rejected a waiver theory for sentencing errors. (*People v. Callahan* (1983) 149 Cal.App.3d 1183, 1188 [198 Cal.Rptr. 12]; *People v. Lutes* (1981) 117 Cal.App.3d 830, 832-833 [173 Cal.Rptr. 300]; *People v. White* (1981) 117 Cal.App.3d 270, 279 [172 Cal.Rptr. 612]; *People v. Jones* (1980) 111 Cal.App.3d 597, 604-605 [169 Cal.Rptr. 28]; *People v. Ramos* (1980) 106 Cal.App.3d 591, 598, fn. 1 [165

Cal.Rptr. 179]; but see *People* v. *Crouch* (1982) 131 Cal.App.3d 902, 905 [182 Cal.Rptr. 701].)[2]

The People raise provocative and attractive arguments for requiring sentencing errors, like other errors, to be addressed when they can be corrected by the trial court, thereby avoiding needless appeals. We agree in principle that strong policy reasons exist for requiring objections to sentencing errors in the trial court. However, overturning a doctrine that has governed review of sentencing error for more than 10 years would spawn habeas corpus petitions for ineffective assistance of counsel for failing to object at sentencing. Thus, we would be required to review sentencing errors even in the absence of an objection. We conclude the time is not ripe for reevaluation of settled case law. Moreover, the argument is better addressed to the Supreme Court or the Legislature, in light of the consistent application of the rule since the inception of the determinate sentencing scheme.

We note that the Legislature has placed the responsibility on the trial courts to state reasons for their sentencing decisions. (§ 1170.) Moreover, as we stated in *People* v. *Melton* (1990) 218 Cal.App.3d 1406 [267 Cal.Rptr. 640], "Where the court inadvertently omits to list or explain a significant factor, the *prosecuting attorney* should be alert to ensure that it is expressly brought to the defendant's attention." (*Melton, supra,* 218 Cal.App.3d at p. 1409, fn. 2, italics added.)

## II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[2]We note that in the context of the imposition of a mandatory restitution fine after a plea bargain that did not specify such fine, the California Supreme Court recently held that error in failing to inform the defendant of the consequence of the plea bargain is waived absent a timely objection at sentencing. (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].) The court explained, "In *People* v. *Melton* [(1990) 218 Cal.App.3d 1406, 1408 (267 Cal.Rptr. 640)], as in this case, the imposition of a fine was recommended in the probation report. The *Melton* court held that the defendants' failure to object to the fine at the sentencing hearing waived the failure to advise of the possibility of the fine. We agree. 'The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had. . . . [¶] In this case, the record reflects that defense counsel was familiar with the probation report. Had the recommendation that defendants be ordered to pay a restitution fine come as a genuine surprise, it would have been a simple matter to bring the issue to the attention of the trial court.' [Citation.]" (*Id.,* at p. 1023.)

*Walker* and *Melton* dealt with the distinguishable situation of a mandatory restitution fine. They did not announce a rule generally applicable to sentencing error.

*See footnote, *ante*, page 650.

## DISPOSITION

The judgment of conviction is affirmed, and the matter is remanded for resentencing.

Ramirez, P. J., and Timlin, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 18, 1993.