* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication except for parts I, II(A), II(B) and II(D) and the heading for part III.
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1116 
OPINION
 PROCEDURAL HISTORY
Defendants, Willie Neal and Patrick Shelton, appeal from multiple convictions for a series of armed robberies which they committed at various places during January of 1991. They were jointly charged by an amended information with 17 counts (1 through 6, 8 through 10, 13 through 15, 17 through 20, and 22) of second degree robbery (Pen. Code, § 211),[1] 2 counts (7 and 25) of attempted second degree robbery (§§ 211, 664), and 4 counts (16, 21, 23, and 24) of assault with a firearm. (§ 245, subd. (a)(2).) Mr. Neal alone was charged with second degree robbery in count 11 (§ 211) and in count 12, only Mr. Shelton was charged with receiving stolen property from that robbery. (§ 496, subd. 1.) The amended information also alleged defendants personally used firearms in committing the crimes (12022.5 and 1203.06, subd. (a)(1)) in counts 1 through 11 and 13 through 25 and that Mr. Neal had served a prior prison term. (§ 667.5, subd. (b).) After a jury found defendants guilty as charged, the trial court sentenced Mr. Neal to 37 years, 8 months in prison with 711 days of credit and Mr. Shelton to 28 years with 651 days of credit. They filed timely appeals from the judgments. *Page 1117 
Defendants assert on appeal that: (1) there was insufficient evidence to support their convictions in counts 1 through 5 (robbery) and 11 (robbery and receiving stolen property); (2) the trial court committed reversible error in excluding third party culpability evidence; and (3) the trial court erred in failing to state reasons for imposing consecutive sentences against Mr. Shelton. The Attorney General argues that certain jurisdictional sentencing errors as to Mr. Neal warrant a remand. As to Mr. Shelton, we affirm the judgment, although we have increased the amount of his presentence credits. As to Mr. Neal, we affirm the judgment except as to certain jurisdictional sentencing errors which are to be corrected on remand. In the published portion of this opinion, we hold that Mr. Shelton's contention that the trial judge failed to properly state reasons for imposing consecutive sentences has been waived by the failure to have interposed a contemporaneous objection to the apparent noncompliance with the sentencing rules in superior court.
 I. FACTS*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 II. DISCUSSION A., B.*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 C. The Consecutive Sentences (1a) Mr. Shelton contends the trial court failed to state reasons for imposing numerous consecutive sentences. (2) Mr. Shelton is correct that a sentencing judge must state reasons for a sentence choice. (§ 1170, subd. (c).) A consecutive sentence requires the sentencing judge to articulate a statement of reasons. (People v. Belmontes (1983) 34 Cal.3d 335, 347 [193 Cal.Rptr. 882, 667 P.2d 686]; People v. Ramirez (1985)165 Cal.App.3d 214, 218-219 [212 Cal.Rptr. 1].) (1b) In the present case, consecutive sentences were imposed. The sentencing judge did not explicitly state why he had chosen to impose consecutive sentences. However, defense counsel never interposed an objection to the sentencing judge's failure to state reasons for selecting consecutive sentences. We agree with the Attorney General that recent Supreme Court decisional authority leads to the conclusion that defense counsel's failure to have objected to the failure to state reasons for the sentence choice precludes this specific issue from being raised on appeal.[2]
(3) First, although the California Supreme Court has never directly addressed the issue of waiver as it applies to a failure to state reasons for a *Page 1118 
sentence choice, it has set forth general rules applicable to preserving assignments of error on appeal. In People v.Saunders (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638,853 P.2d 1093], our Supreme Court described the general rule, as well as its justification, as follows: "`"An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method. . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver. . . . Often, however, the explanation is simply that it is unfair to the trial judge and to the adverse party to take advantage of an error on appeal when it could easily have been corrected at the trial."' [Citation.] `"The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had. . . ."' [Citation.] `"No procedural principle is more familiar to this Court than that a constitutional right," or a right of any sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." [Citation.]' [¶] `The rationale for this rule was aptly explained in Sommer v. Martin (1921)55 Cal.App. 603, at page 610 [204 P. 33] . . .: "`In the hurry of the trial many things may be, and are, overlooked which would readily have been rectified had attention been called to them. The law casts upon the party the duty of looking after his [or her] legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to [her or] his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.'"' [Citation.]" (Original italics, fn. omitted; accord,Doers v. Golden Gate Bridge etc. Dist. (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].)
(1c) Our Supreme Court has applied this general rule of law in varying circumstances in the sentencing context.[3] InPeople v. Walker (1991) 54 Cal.3d 1013, 1022-1023 [1 Cal.Rptr.2d 902, 819 P.2d 861], the defendant *Page 1119 
was not advised that a consequence of his guilty plea would be that he would be subject to a restitution fine pursuant to Government Code section 13967, subdivision (a). However, at the time of sentencing, no objection was interposed to the authority of the court to impose a restitution fine because there had been no advisement of that consequence at the time of the guilty plea. Our Supreme Court held: "Second, the error is waived absent a timely objection. In People v. Melton [(1990) 218 Cal.App.3d 1406, 1408 (267 Cal.Rptr. 640)], as in this case, the imposition of a fine was recommended in the probation report. The Melton
court held that the defendant's failure to object to the fine at the sentencing hearing waived the failure to advise of the possibility of the fine. We agree. `The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had. . . . [¶] In this case, the record reflects that defense counsel was familiar with the probation report. Had the recommendation that defendant be ordered to pay a restitution fine come as a genuine surprise, it would have been a simple matter to bring the issue to the attention of the trial court.' [Citation.]"[4] (54 Cal.3d at p. 1023.) Accordingly, in Walker, our Supreme Court applied the waiver rule to a restitution fine imposed at a sentencing hearing.
In People v. Welch (1993) 5 Cal.4th 228, 235-237 [19 Cal.Rptr.2d 520, 851 P.2d 802], a defendant did not object that a particular probation condition was inappropriate in the trial court. Rather, the issue was raised for the first time on appeal. Our Supreme Court held: "It is settled that failure to object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal. [Citations.] No different rule should generally apply to probation conditions under consideration at the same time. A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence. A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis. [Citations.]" (Id. at pp. 234-235, fn. omitted.) Certainly, the same analysis would apply to a failure to state reasons for imposing a consecutive sentence. A timely objection would permit the court to insure that its sentence choice was rationally based. Further, just as a defendant has a duty to object to errors or omissions in a probation report, reason leads inextricably to the conclusion that no different rule should apply to a sentence which is based in part upon what appears in the probation officer's analysis. Accordingly, *Page 1120 Welch is substantial authority for the proposition that defense counsel in the present case, if he desired to preserve the issue for appellate review, should have interposed an objection.
In Welch, our Supreme Court construed its prior decision ofPeople v. Chi Ko Wong (1979) 18 Cal.3d 698, 725 [135 Cal.Rptr. 392, 557 P.2d 976], to hold that a failure to object at a sentencing hearing concerning errors in a probation report precluded the issue from being raised on appeal. (People v.Welch, supra, 5 Cal.4th at p. 234.) Further, in People v.Saunders, supra, 5 Cal.4th at pages 590-591, after reviewing the general rules of waiver discussed in the body of this opinion, our Supreme Court held that the failure to object to the discharge of a jury until a determination of the truth of an alleged prior conviction waived any right pursuant to sections 1025 and 1164 to have the same jury determine those issues. In other words, the statutory rights embodied in sections 1025 and 1164 were waived by the failure to interpose an objection. Notably, in Saunders, our Supreme Court indicated that the Legislature in enacting sections 1025 and 1164 did not intend "to create a procedural trap that would enable defense counsel to ambush the trial judge and deprive the People of their statutory right to prove one or more alleged prior convictions for the purpose of enhancing the punishment of the repeat offender." ( 5 Cal. 4th at pp. 590-591.) Similarly, there appears to have been no statutory or legislative purpose in creating a procedural trap that would allow defense counsel to remain silent at the time of sentencing and then permit the issue to be raised once again on appeal, thereby potentially creating a defendant's opportunity for a new sentencing hearing. Also, in Welch, our Supreme Court emphasized the costs incurred by the public in permitting appeals of probation conditions when no objection was made in superior court. (People v. Welch, supra, 5 Cal.4th at p. 235.) The same logic applies in this case.
We wish to emphasize the Supreme Court has made it abundantly clear that certain kinds of sentencing errors need not be the subject of an objection. For example, no objection need be interposed in the event a sentence is violative of section 654 because it impermissibly punishes the same act twice. (People
v. Perez (1979) 23 Cal.3d 545, 549-550, fn. 3 [153 Cal.Rptr. 40,591 P.2d 63].) Moreover, sentencing errors which go to the jurisdiction of the court, such as a violation of section 654, can be raised at any time by either the prosecution or the defense even though no objection was interposed in the trial court. (People v. Welch, supra, 5 Cal.4th at p. 235.) This is because a sentence which is not authorized by law exceeds the jurisdiction of the court. However, the consecutive sentences imposed in the present case were authorized specifically pursuant to section 1170.1, subdivision (a) and cannot logically be characterized as being in excess of jurisdiction. In People *Page 1121 
v. Olken (1981) 125 Cal.App.3d 1064, 1067 [178 Cal.Rptr. 497], our colleagues in Division Three of this appellate district addressed the question of whether a failure to state reasons for the upper term was a jurisdictional defect in the nature of an unauthorized sentence. The court held: "A `defendant must demonstrate more than mere legal error or irregularities in the trial court's proceedings; he [or she] must show that the trial court exceeded its jurisdiction in some manner. [Citations.]' [Citation.] The manner in which the trial court here pronounced judgment constituted the only judicial error [citation]. Thesentence itself was authorized by law. [Citations.] Consequently, the court did not exceed its jurisdiction in imposing it. [Citation.]" (Ibid., original italics.) This is not a case where ". . . the judgment is void on the face of the record. [Citations.]" (See People v. Karaman (1992) 4 Cal.4th 335, 345-346, fn. 11 [14 Cal.Rptr.2d 801, 842 P.2d 100], original italics.) Accordingly, based upon existing California decisional authority, the failure to state reasons for consecutive sentencing is not a jurisdictional error.
We note that there is a conflict in terms of the Court of Appeal authority as to whether an objection to a failure to state reasons is necessary in order to preserve the issue for appeal. Three Court of Appeal decisions have held that the waiver rule applies to a failure to state reasons for a sentence choice. The most important decision was one of this division, People v.Crouch (1982) 131 Cal.App.3d 902, 904-905 [182 Cal.Rptr. 701], where then Associate Justice Clarke Stephens, who was nearing the end of a 30-year career as a judge and justice, addressed the issue of whether the waiver rule applied when defense counsel did not object to the trial court's failure to state reasons for selecting prison as the sentencing choice as required by section 1170, subdivisions (b) and (c). Justice Stephens concluded that the sentencing judge violated the foregoing express statutory requirement that reasons be stated for denying a probation request. However, this court held that resentencing was unwarranted because defendant's trial counsel failed to object to the judge's violation of the sentencing rules. Associate Justice Stephens noted: "The question remains, however, as to whether it is necessary to require resentencing. The court read and considered the probation report. The argument for probation on behalf of defendant was, at best, bottomed on shifting sand while the prosecutor stated chapter and verse from defendant's lengthy record, both juvenile and adult. It appears to us that the record in this case justifies the order made, hence defense counsel's tacit acceptance of the sentence without statement of reasons can be construed as waiver or invited error. To hold otherwise merely places form over substance and contributes to a `make-work' slowdown in the courts. [¶] As an officer of the court, defense counsel has an obligation to assist the court in avoiding errors which merely squander court time and in no way constitute an exercise of his [or her] client's right to a fair trial. [¶] Although we hold that the failure to follow rule 439(d) *Page 1122 
constituted error, under the particular circumstances of this case, resentencing is not mandated." (131 Cal.App.3d at p. 905.)
Earlier, in People v. White (1981) 117 Cal.App.3d 270, 279 [172 Cal.Rptr. 612], the Court of Appeal had addressed a sufficiency of the evidence argument relating to the reasons for a sentence chosen by a trial judge. The Court of Appeal rejected the waiver argument, quite obviously because issues of sufficiency of the evidence are never waived, but proceeded to note, "As a matter of principle, however, we do not totally reject the Attorney General's waiver argument. Certainly, we should seriously question the merits of any appeal which challenges a trial court's sentencing choice where the record indicates that defense counsel remained silent at the time of the sentence and failed to call the judge's attention to any perceived infringement of his [or her] client's rights." (Id.
at p. 279, fn. 4.)
Finally, in People v. Peel (1993) 17 Cal.App.4th 594, 598-600 [21 Cal.Rptr.2d 449], our colleagues in the Fifth Appellate District confronted a situation involving the failure to make findings before directing that a defendant participate in a substance abuse counseling program. Section 1203.096, subdivision (a) provided that upon a felony conviction when the court made certain findings, it was required to recommend in writing that the defendant participate in a drug counseling or education program.[5] In Peel, the trial court failed to make the requisite findings mandated by the statute and recommended that the defendant participate in an drug counseling or education program. The Court of Appeal, relying upon People v. Walker,supra, 54 Cal.3d at page 1023, held that "a defendant who fails to request findings pursuant to section 1203.096, subdivision (b), or to object to the trial court's failure to make such findings, thereby waives his or her right to raise the issue for the first time on appeal." (17 Cal.App.4th at p. 600.)
We believe the decisions in Crouch, White, and Peel are consistent with the California Supreme Court authority in terms of the general rule of waiver and the more specific developing law reflected by Welch as it involves preserving sentencing issues on appeal.
These three cases are also consistent with the holdings of not only the later developed Supreme Court analysis but also of a whole host of cases which *Page 1123 
apply the waiver rule to nonjurisdictional sentencing errors. As noted previously, the failure to take exception to a restitution order imposed at sentencing bars raising the issue concerning its propriety for the first time on appeal. (People v. Walker,supra, 54 Cal.3d at p. 1023; accord, People v. Foster (1993)14 Cal.App.4th 939, 944 [18 Cal.Rptr.2d 1]; People v.DeFilippis (1992) 9 Cal.App.4th 1876, 1879-1880 [12 Cal.Rptr.2d 431] ; People v. Zito (1992) 8 Cal.App.4th 736, 742 [10 Cal.Rptr.2d 491]; People v. Melton (1990) 218 Cal.App.3d 1406, 1408-1409 [267 Cal.Rptr. 640]; People v. Rivera (1989)212 Cal.App.3d 1153, 1160 [261 Cal.Rptr. 93].) Similarly, trial counsel's failure to object to a fine which may only be imposed when a defendant has "the ability to pay" it bars raising any issue in connection with the propriety of such an order on appeal. (People v. McMahan (1992) 3 Cal.App.4th 740, 750 [4 Cal.Rptr.2d 708].) Issues concerning noncompliance with the statutory requirements that sentencing occur within specified time periods are waived by the absence of an objection in the trial court. (People v. Gann (1968) 259 Cal.App.2d 706, 716 [66 Cal.Rptr. 508]; People v. Farber (1937) 19 Cal.App.2d 189, 193-194 [64 P.2d 1138].) Any error in permitting a particular judge, in other than a plea bargain situation, to impose a sentence is waived by the failure to object in the superior court. (People v. Daly (1959) 168 Cal.App.2d 169, 173-174 [335 P.2d 503].) Also, the fact that a probation officer's report is presented orally rather than in compliance with the statutory mandate that it be in a written format is waived by the failure to bring the error to the trial court's attention. (People v. Girard (1971) 15 Cal.App.3d 1005, 1008 [93 Cal.Rptr. 676].) Issues concerning the constitutionality of a statute which prohibited cross-examination of prison psychiatrists at a probation and sentence hearing were waived by the failure to have interposed a contemporaneous objection in the trial court. (People v. Walker (1968) 266 Cal.App.2d 562, 567 [72 Cal.Rptr. 224].) When a defendant does not object to allowing the probation officer to determine the amount of restitution, the propriety of such an order has been waived for appellate purposes. (People v. Keele (1986) 178 Cal.App.3d 701, 707-708 [224 Cal.Rptr. 32].) The failure of a trial counsel to bring errors in a probation report to a court's attention bars litigating the issue on appeal. (People v. Chi Ko Wong,supra, 18 Cal.3d at pp. 724-725; accord, People v. Jarvis
(1982) 135 Cal.App.3d 154, 158 [185 Cal.Rptr. 16]; People v.Betterton (1979) 93 Cal.App.3d 406, 414 [155 Cal.Rptr. 537];People v. Wagoner (1979) 89 Cal.App.3d 605, 616 [152 Cal.Rptr. 639]; People v. Medina (1978) 78 Cal.App.3d 1000, 1006-1008 [144 Cal.Rptr. 581].) In People v. Santana (1982)134 Cal.App.3d 773, 785 [184 Cal.Rptr. 733], the Court of Appeal held a defendant waived his right to object to the receipt into evidence of his statements to the probation officer by failing to raise the *Page 1124 
issue at the sentencing hearing. Similarly, issues concerning the admissibility of victims' statements made pursuant to section 1191.1[6] may not be presented on appeal if no objection was interposed contemporaneously at the sentencing proceeding. (People v. Jones (1992) 10 Cal.App.4th 1566, 1574 [14 Cal.Rptr.2d 9]; People v. Mockel (1990) 226 Cal.App.3d 581, 586-587 [276 Cal.Rptr. 559].) Also, the fact that a probation report was not timely prepared is a matter which can be waived by reason of the failure to object. (People v. Evans (1983)141 Cal.App.3d 1019, 1021 [190 Cal.Rptr. 633]; People v. Ramirez
(1980) 109 Cal.App.3d 529, 544 [167 Cal.Rptr. 174].) Legal questions relating to a lack of notice at a sentencing hearing are waived on appeal in the absence of an objection in the trial court. (People v. Birmingham (1990) 217 Cal.App.3d 180, 183-184 [265 Cal.Rptr. 780].) The trial court's failure to secure a current probation report is waived on appeal by the failure to object. (People v. Begnaud (1991) 235 Cal.App.3d 1548, 1554-1555 [1 Cal.Rptr.2d 507]; People v. Goldstein (1990)223 Cal.App.3d 465, 472 [272 Cal.Rptr. 881].) Arguments that a sentencing judge improperly read a preliminary hearing transcript and a codefendant's superior court file were waived when defense counsel never objected in the trial court and the issue was raised for the first time on appeal. (People v. Evans, supra,
141 Cal.App.3d at p. 1021.) Finally, the failure of a sentencing judge to inquire as to whether there is any reason sentence should not be pronounced as required by section 1200 is waived on appeal if no objection was interposed to this statutory requirement in superior court. (People v. Rocha (1955)130 Cal.App.2d 656, 663 [279 P.2d 836].) Clearly, there is substantial decisional authority which imposes the waiver requirement to sentencing proceedings in situations not involving jurisdictional issues.[7] Therefore, we hold that any issue concerning the failure to state reasons for imposing consecutive sentences has been waived. *Page 1125 
 D. Other Sentencing Issues*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
The judgment is affirmed as to Patrick Shelton except that an amended abstract of judgment is to issue indicating he is to receive 654 days of presentence credit which includes 218 days of conduct credits. The judgment of conviction and sentence is affirmed as to Willie B. Neal except in the following particulars. The aggregate term imposed on May 11, 1992, is to be increased to 37 years, 8 months. The order staying counts 17 and 18 is reversed. On remand, the trial court is to exercise its discretion and order those sentences to run consecutively or concurrently. The order granting 711 days of presentence credits is reversed. On remand, the trial court is to recompute the amount of presentence credits in a fashion consistent with the views expressed in this opinion.
Grignon, J., and Godoy Perez, J., concurred.
A petition for a rehearing was denied November 9, 1993, and appellants' petition for review by the Supreme Court was denied February 3, 1994. Mosk, J., was of the opinion that the petition should be granted.
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Our holding is limited to the failure of trial counsel to interpose the objection that no reasons were stated for imposing consecutive sentences. As will be discussed in the body of this opinion, there would not be waiver or forfeiture of the right to argue there was insufficient evidence to permit the imposition of consecutive sentences because of the failure to interpose an objection on that ground.
[3] In the decision of In re Marriage of Arceneaux (1990)51 Cal.3d 1130, 1138 [275 Cal.Rptr. 797, 800 P.2d 1227], our Supreme Court held in a civil case that the failure of a attorney to interpose objections as to the sufficiency of the statement of decision, i.e., findings, prevented the issue of the adequacy of the statement being raised on appeal because ". . . it would be unfair to allow counsel to lull the trial court and opposing counsel into believing the statement of decision was acceptable, and thereafter to take advantage of an error on appeal although it could have been corrected at trial. [Citations.]"
[4] In the present case, there is no evidence to indicate that defense counsel was surprised by the extensive number of consecutive sentences imposed upon defendant.
[5] Section 1203.096, subdivision (a) provides: "(a) Upon conviction of any felony in which the defendant is sentenced to state prison and in which the court makes the findings set forth in subdivision (b), a court shall, in addition to any other terms of imprisonment, fine, and conditions, recommend in writing that the defendant participate in a counseling or education program having a substance abuse component while imprisoned. [¶] (b) The court shall make the recommendation specified in subdivision (a) if it finds that any of the following are true: [¶] (1) That the defendant at the time of the commission of the offense was under the influence of any alcoholic beverages. [¶] (2) That the defendant at the time of the commission of the offense was under the influence of any controlled substance. [¶] (3) That the defendant had a demonstrated history of substance abuse. [¶] (4) That the offense or offenses for which the defendant was convicted was drug related."
[6] Section 1191.1 provides: "The victim of any crime, or his or her parent or guardian if the victim is a minor, or the next of kin of the victim if the victim has died, has the right to attend all sentencing proceedings under this chapter and shall be given adequate notice by the probation officer of all sentencing proceedings concerning the person who committed the crime. [¶] The victim, or his or her parent or guardian if the victim is a minor, or next of kin has the right to appear, personally or by counsel, at the sentencing proceeding and to reasonably express his or her views concerning the crime, the person responsible, and the need for restitution. The court in imposing sentence shall consider the statements of victims, parents, or guardians, and next of kin made pursuant to this section and shall state on the record its conclusion concerning whether the person would pose a threat to public safety if granted probation. [¶] The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."
[7] We recognize that other Courts of Appeal have concluded that there is no necessity of interposing an objection when a judge fails to state reasons for a sentence. (People v.Wortman (1992) 11 Cal.App.4th 650, 653 [14 Cal.Rptr.2d 223];People v. Robinson (1992) 11 Cal.App.4th 609, 616-617 [14 Cal.Rptr.2d 88]; People v. Callahan (1983) 149 Cal.App.3d 1183, 1188 [198 Cal.Rptr. 12]; People v. Lutes (1981) 117 Cal.App.3d 830, 832-833 [173 Cal.Rptr. 300]; People v. Jones (1980)111 Cal.App.3d 597, 604-605 [169 Cal.Rptr. 28]; People v. Salazar
(1980) 108 Cal.App.3d 992, 1000-1001 [167 Cal.Rptr. 38]; People v.Ramos (1980) 106 Cal.App.3d 591, 598, fn. 1 [165 Cal.Rptr. 179].) It is neither fitting nor appropriate in this opinion to engage in a wide-ranging discussion of how we may disagree with some of the analyses appearing in those opinions. These cases were all decided prior to Welch. However, we note that the last time in which a Court of Appeal discussed the waiver rule prior to our Supreme Court's decision in Welch, Associate Justice Dabney in a thoughtful opinion noted, "The People raise provocative and attractive arguments for requiring sentencing errors, like other errors, to be addressed when they can be corrected by the trial court, thereby avoiding needless appeals. We agree in principle that strong policy reasons exist for requiring objections to sentencing errors in the trial court." (People v. Wortman, supra, 11 Cal.App.4th at p. 653.) After noting that the rule allowing the question of the failure to state reasons to be raised for the first time on appeal had been in existence since the decision in People v. Ramos,supra, 106 Cal.App.3d at page 598, footnote 1, in 1980, Justice Dabney stated, "We conclude the time is not ripe for reevaluation of settled case law." (People v. Wortman, supra,
11 Cal.App.4th at p. 653.) After Wortman was decided, our Supreme Court issued its opinion in Welch which held that an objection to a probation condition must be interposed in the trial court. Given the language utilized in Welch, as well as other Supreme Court decisions discussed in this opinion, we believe that reevaluation of the rule first enunciated in Ramos and disagreed with by this court in Crouch, is appropriate.
* See footnote, ante, page 1114. *Page 1126