Filed 4/13/23  P. v. Love CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONNY LOVE,<br><br>    Defendant and Appellant. | D079950<br><br><br><br>(Super. Ct. No. SCS279772) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Judgment reversed in part and remanded with instructions.

Alissa L. Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

We previously affirmed Donny Love's conviction for robbery, being a felon in possession of a firearm, and failure to appear in court while released

on bail, but vacated his sentence and remanded the matter for resentencing in light of the trial court's new discretion to strike the prior serious felony enhancement under Penal Code[1] section 667, subdivision (a), as amended by Senate Bill 1393 (2017-2018 Reg. Sess.).[2]  During resentencing, the trial court struck the enhancement for serious felony prior, but otherwise reimposed the same sentence, including gang and recidivist enhancements. On this second appeal, Love urges us to (1) reverse the gang enhancement because of recent changes to section 186.22 made by Assembly Bill No. 333 (2021–2022 Reg. Sess.); (2) strike the prior prison term enhancement which has been made invalid because of section 667.5, subdivision (b), as amended by Senate Bill No. 136 (2019-2020 Reg. Sess.); (3) order the trial court to recalculate his custody credits; (4) remand the matter for resentencing and instruct the trial court to dismiss certain enhancements in light of recent changes to section 1385 brought by Senate Bill No. 81 (2021-2022 Reg. Sess.). The Attorney General concedes the first three issues but request we *not* reach the fourth issue since that would not be necessary to dispose of this appeal.

We conclude the Attorney General has the better argument. Accordingly, we reverse the gang enhancement and remand the matter so the People may elect to retry the gang enhancement under the law as amended by Assembly Bill 333.  Either at the conclusion of retrial or upon the People's election not to retry the enhancement, the trial court shall recalculate the actual custody credits as of the date of resentencing on remand and exercise

---

[1]    All subsequent undesignated statutory references are to the Penal Code.

[2]    We take judicial notice of our opinion in *People v. Love* (Sept. 11, 2019, D072312) [nonpub.opn.] (Evid. Code, §§ 452, 459) and, pursuant to Love's request, we incorporate by reference the record from that appeal (Cal. Rules of Court, rule 8.147, subd. (b)).

its discretion in light of the changes brought by Senate Bill 81. The prior prison term enhancement (§ 667.5, subd. (b)) is stricken. We otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A

*The Crimes and Previous Proceedings*[3]

In November 2016, the San Diego County District Attorney filed an amended consolidated information charging Love with two counts of robbery (§ 211; counts 1 & 2); one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 3); one count of having a concealed firearm inside a car (§ 25400, subds. (a)(1) & (c)(4); count 4); and two counts of failure to appear in court while released on bail (§ 1320.5; counts 5 & 6).

Count 2 is based on an incident that occurred sometime in May 2015 between Love, a long-time Lincoln Park gang member, and T.B., a person who had relatives known to be members of the Neighborhood Crips gang. Lincoln Park and the Neighborhood Crips were rival gangs. Love threatened to shoot T.B., robbed his blue house slippers, and told T.B. to tell others that Lincoln Park did it. Love also bragged about humiliating and disrespecting T.B. in Neighborhood Crips territory. Count 4 is based on a May 1, 2015 incident in which the police responded to complaints about possible gang members loitering and drinking in the parking lot of a liquor store. The police found Love hiding in a gold Infiniti parked next to a red Toyota. A handgun and ammunitions were also found in the red Toyota. Later, a DNA analysis of the handgun revealed DNA from at least six people, with Love

---

[3] The facts in this subsection are derived mostly from our opinion in the previous appeal. Because the detailed facts underlying Love's conviction are unnecessary to the disposition of this appeal, we shall briefly re-summarize those facts here to the extent that is helpful.

contributing the majority of the DNA found on the grip of the gun. Count 1 is based on an incident on May 23, 2015, in which police were dispatched to the Plaza Bonita Mall to respond to a 911 report of theft. Love had taken keys, cell phone, wristlet, and wallet from T.H. after they had an argument. Love was arrested at the mall.

He was later released from custody on bail and ordered to appear at an October 2015 trial. Counts 5 and 6 are based on his failure to appear for the trial. Love was subsequently rearrested in February 2016.

Love admitted he had a prior prison term (§§ 667.5, subd. (b), 668), a prior serious felony conviction (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12, 668). In November 2016, a jury found Love guilty of counts 1 to 3, 5, and 6 and found true the gang enhancement, but acquitted him on count 4.

We affirmed Love's conviction but remanded the matter for resentencing in light of changes to section 667 made by Senate Bill 1393.

B

*Proceedings on Remand*

At the resentencing hearing on July 27, 2020, the trial court stated, "I'm imposing all of the terms that were originally imposed on November 29 and simply striking the serious felony prior," which carried a five-year prison term. As a result, Love's new sentence was reduced to 18 years and eight months, including still the 10-year gang enhancement under section 186.22, subdivision (b), one-year enhancement for prior prison term under section 667.5, subdivision (b), and other strike prior enhancements. The new abstract of judgment credited Love for the *same* number of days in custody as the previous abstract of judgment.

4

DISCUSSION

A

*Assembly Bill 333 Requires Reversal of the True Finding on the*

*Gang Enhancement*

Effective January 1, 2022, Assembly Bill 333 amended section 186.22 in four significant ways. (Stats. 2021, ch. 699, § 4.) "First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' [Citation.] Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually or collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang. [Citation.] Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. [Citation.] Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' " (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*), citing § 186.22, subds. (e)(1), (2), (f), (g), original italics.)

The parties agree, as do we, that Assembly Bill 333 applies retroactively here as Love's judgment of conviction is not yet final. (See *Tran, supra*, 13 Cal.5th at p. 1206.)

5

We also agree with the parties that Assembly Bill 333 increased the requirements of proof under section 186.22 for the gang enhancement. (*People v. E.H.* (2022) 75 Cal.App.5th 467, 479 ["Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22."].)  "When a substantive change occurs in the elements of an [enhancement] and the jury is not instructed as to the proper elements, the omission implicates the defendant's right to a jury trial under the Sixth Amendment, and *reversal is required* unless 'it appears beyond a reasonable doubt' that the jury verdict would have been the same in the absence of the error." (*Tran, supra*, 13 Cal.5th at p. 1207, italics added.)  We accept the Attorney General's concession that the evidence presented at trial is insufficient to satisfy the increased threshold of conviction under amended section 186.22.  Thus, "the proper remedy is to vacate the gang enhancement[] and remand the matter to allow the prosecution the opportunity for a retrial." (*People v. Burgos* (2022) 77 Cal.App.5th 550, 564.)

B

*Senate Bill 136 Requires Striking the Prior Prison Term Enhancement*

Effective as of January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b), to limit application of prior prison term enhancements to only prior prison terms served for "sexually violent offenses" as defined by Welfare

and Institutions Code section 6600, subdivision (b).[4]  (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.)

We agree with the parties that Senate Bill 136 applies retroactively here because Love did not exhaust his appeal rights before January 1, 2020. (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)  Love was not convicted of any sexually violent offenses, so the prior prison term enhancement the trial court reimposed at resentencing is now invalid under amended section 667.5, subdivision (b).  (See *People v. Neal* (1993) 19 Cal.App.4th 1114, 1120 ["a sentence which is not authorized by law exceeds the jurisdiction of the court"].)  The prior prison term enhancement must therefore be stricken.

C

*The Custody Credits Must be Recalculated*

When a case is remanded for resentencing, upon completion of the process the trial court must recalculate custody credits to the day of the latest sentencing.  (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 37.) Here, the parties agree that the trial court mistakenly credited Love for the *same* number of days in custody at the 2020 resentencing hearing as the

---

[4]  " 'Sexually violent offense'  means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a): a felony violation of Section 261, 262, 264.1, 269, 286, 287, 288, 288.5, or 289 of, or former Section 288a of, the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 287, 288, or 289 of, or former Section 288a of, the Penal Code."  (Welf. & Inst. Code § 6600, subd. (b).)

initial sentencing in 2017.  We also agree and will remand this matter for recalculation of the actual custody credits.

D

*The Issue Concerning Senate Bill 81 Need Not be Reached*

Senate Bill 81 took effect on January 1, 2022 and amended section 1385 to add mitigating circumstances the trial court must consider when exercising its discretion[5] to strike enhancements from a defendant's sentence in "the furtherance of justice."  (§ 1385, subd. (c).) (Stats. 2021, ch. 721, § 1.)  As relevant here, subdivision (c)(2) of amended section 1385 states: "In *exercising its discretion* under this subdivision, the court *shall* consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  [¶] . . . [¶]  (B) Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed.  [¶] . . . [¶]  (H) The enhancement is based on a prior conviction that is over five years old."  (Italics added.)

Love contends all but one enhancement "must be dismissed" under subdivision (c)(2)(B) and (H) of amended section 1385.  The Attorney General, however, urges us not to address the issue and not to "hold that the trial court is required to dismiss appellant's enhancements or reduce his sentence at any future sentencing proceeding."  The Attorney General contends "[s]uch a holding would be premature and unnecessary to dispose of the present appeal."  We agree.

---

[5]  *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1093 ["the specification of mandatory factors did not displace the trial court's obligation to exercise discretion in assessing whether dismissal is 'in furtherance of justice' "]; accord *People v. Anderson* (2023) 88 Cal.App.5th 233; *People v. Mendoza* (2023) 88 Cal.App.5th 287; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–21; *People v. Walker* (2022) 86 Cal.App.5th 386, 396.

Given that Love's gang enhancement must be vacated under Senate Bill 333 (as we have discussed), the People will have an opportunity for a retrial and there will ultimately be another full resentencing.  Under the full resentencing rule, the trial court must "revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.)  In doing so, it must also "exercise its sentencing discretion in light of the changed circumstances" (*People v. Navarro* (2007) 40 Cal.4th 668, 681) brought by Senate Bill 81.  Because the trial court is entitled to exercise its discretion accordingly at resentencing, we need not reach the merit of Love's argument on Senate Bill 81.

## DISPOSITION

We reverse the judgment as to the gang enhancement and remand the matter to provide the People the opportunity to retry the enhancement under section 186.22, as amended by Assembly Bill 333. If the People do not retry the gang enhancement, or at the conclusion of a retrial, the trial court shall conduct a full resentencing at which it shall exercise its discretion in light of the changes brought by Senate Bill 81. Love's prior prison term enhancement (§ 667.5, subd. (b)) is stricken. The trial court shall recalculate the custody credits to account for the period between its initial sentencing and new resentencing. The trial court is directed to modify the judgment consistent with this opinion. We affirm the judgment in all other respects.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

DO, J.

10