Filed 11/15/24  P. v. Barrera CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN MANUEL BARRERA,<br><br>    Defendant and Appellant. | D083233<br><br><br><br>(Super. Ct. No. SCD248065) |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin H. Urbanski and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Juan Manuel Barrera was sentenced to 24 years in prison for attempted murder and assault with a deadly weapon.  Then, after a change

in sentencing laws, the trial court resentenced Barrera to 23 years total. When doing so, the court declined to dismiss Barrera's prior strike, finding it within the spirit of the Three Strikes Law "in light of the nature of the present felonies and the prior violent felony convictions, [and] the particulars of Mr. Barrera's background, character, and prospects." On appeal, Barrera claims the court's "process" in considering the prior strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 was "flawed" based on a purported failure to "recognize the importance of" Barrera's youthfulness at the time of his prior strike offense, mental illness, and childhood trauma. In support, he cites where these factors appear in other sentencing laws wholly separate from *Romero* rulings. Barrera, however, did not raise this process issue during sentencing, and thus he forfeited it. Regardless, he does not provide any authority that requires the trial court to consider these other sentencing factors in determining whether to dismiss his prior strike. Accordingly, we affirm by memorandum opinion. (See *People v. Garcia* (2002) 97 Cal.App.4th 847.)

## I.

We first address forfeiture.

When sentencing issues arise, it is the responsibility of the defendant or defense counsel to bring them to the trial court's attention; otherwise, they generally are forfeited. (*People v. Neal* (1993) 19 Cal.App.4th 1114, 1118.) This is because "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal," as these issues are "easily prevented and corrected if called to the court's attention." (*People v. Scott* (1994) 9 Cal.4th 331, 353, 356.) "'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial

2

court, could have been easily corrected or avoided.'" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

Here, Barrera challenges "the process" the trial court used when declining to dismiss his prior strike based on the court's alleged "failure to recognize the importance of the factors" from other sentencing laws, yet he did not object to that process at sentencing. Thus, Barrera forfeited this claim.

## II.

Even absent forfeiture, Barrera's claim falls short because he provides no authority to support his argument that the trial court had to consider mitigating factors from other sentencing statutes when evaluating Barrera's prior strike.

"[A] trial court may strike or vacate an allegation or finding under the Three Strikes [L]aw that a defendant has previously been convicted of a serious and/or violent felony . . . 'in furtherance of justice.'" (*People v. Williams* (1998) 17 Cal.4th 148, 158, quoting § 1385(a).) When doing so, the court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strike Law]'s spirit, in whole or in part." (*Id.* at p. 161.)

We review *Romero* rulings for abuse of discretion. (*Williams*, 17 Cal.4th at p. 161.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)

3

Here, Barrera acknowledges the court declined to dismiss the prior strike based in part on "the particulars of Mr. Barrera's background, character, and prospects," yet he argues the court should have considered specific background factors—Barrera's (1) youth at the time of the prior strike offense, (2) mental illness, and (3) childhood trauma—as required under *other* sentencing laws separate from *Romero* rulings.  In support, he points to amendments to Penal Code section 1170 that influence what base term the court can impose when, among other factors, the defendant's youth at the time of the offense or childhood trauma were contributing factors in the commission of the offense.  (§ 1170, subd. (b)(6).)  Barrera also relies on factors that pertain to dismissing enhancements.  (§ 1385, subd. (c).)  Finally, Barrera points to how the Legislature "emphasized the need to treat mental illness" under section 1001.36, which allows pretrial diversion for defendants diagnosed with mental health disorders under certain circumstances. (§ 1001.36, subd. (b).)  Barrera contends the trial court should have considered these factors when deciding whether to dismiss the prior strike.

Barrera, however, does not provide any authority that would require the court to apply these statutes to *Romero* rulings.  As the People note, section 1385(c) applies only to enhancements, not prior strikes.  (*People v. Burke* (2023) 89 Cal.App.5th 237, 244.)  Barrera acknowledges section 1170(b)(6) addresses a different aspect of sentencing, but he argues "there can be no reason to exclude that important factor from the *Romero* analysis."  Without supporting authority, however, Barrera does not convince us the trial court erred.

The one case relevant to *Romero* rulings on which Barrera relies, *People v. Avila* (2020) 57 Cal.App.5th 1134, is distinguishable.  *Avila* held the defendant fell outside of the scope of the Three Strikes Law and the trial

court abused its discretion in not dismissing the prior strike because it "mistakenly believed that it could not consider" the defendant's youth at the time of the prior strike and also "misapprehended the[ ] nature" of the current crimes. (*Id.* at p. 1142.) Barrera does not suggest the trial court here made any similar mistakes, and *Avila* does not require the sentencing court to consider the specific background factors Barrera raises.

In sum, Barrera has not affirmatively shown the court erred in not dismissing his prior strike because it fell within the spirit of the Three Strikes Law.

III.

We affirm.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

5