[No. A040356. First Dist., Div. One. Nov. 23, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES E. LATHAM, Defendant and Appellant.

**COUNSEL**

Herman Franck V, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RACANELLI, P. J.**—In this case, we attempt to clarify the obligation of the trial court upon revocation of probation to state reasons for declining to reinstate probation. We will conclude that when sentence has previously been imposed in the form of pronouncement of judgment and execution thereof suspended during a period of probation, no reasons are required upon revocation of such probation for the decision ordering the previously suspended sentence into execution.

## FACTS

The underlying facts are undisputed:

In 1984, defendant pled guilty to possession of LSD; imposition of sentence was suspended, and defendant was placed on probation for three years. In February 1986, the People petitioned to revoke probation on the ground that defendant had committed a new offense. Defendant stipulated to the probation violation, and his probation was revoked but reinstated with modifications.

In October 1986, the People again petitioned to revoke probation on a similar ground. Defendant again stipulated to the probation violation, and probation was once again revoked. However, this time judgment was pronounced sentencing defendant to state prison for a term of three years but with execution of judgment suspended and defendant placed back on probation until January 4, 1988.

Finally, in September 1987, the People filed another petition to revoke probation on the ground that defendant had failed to report to his probation officer. After a hearing, the court determined that defendant had violated the conditions of his probation and ordered probation revoked. The court at the same time vacated the order of suspension of execution of the three-year prison sentence. Defendant appeals claiming error in the failure of the trial court to give a statement of reasons supporting the decision not to reinstate probation.

## DISCUSSION

■ Preliminarily, we recognize that principles of due process apply to probation revocation proceedings requiring the trial court to provide sufficient reasons for its order *revoking probation*. (*People* v. *Vickers* (1972) 8 Cal.3d 451, 457-458 [105 Cal.Rptr. 305, 503 P.2d 1313].) ■ The trial court's factual determination, that defendant had violated the conditions of his probation by willfully failing to report to his probation officer, was in full compliance with constitutional requirements.

■ Upon the decision to revoke probation, the trial court had three available options: to reinstate probation on the same terms; to reinstate probation with modified terms; or to terminate probation and commit the probationer to prison pursuant to the original sentence. (Pen. Code, § 1203.2; Cal. Rules of Court, rule 435(a) and (b)(2).) The trial court having selected the latter option, defendant now argues that it was required to give reasons for that choice. We disagree.

Although the trial court effectively made a choice in declining to reinstate probation, that choice was not a "sentencing" choice requiring reasons. The distinction is more than a semantical one.

The Supreme Court has expressly held that reasons for denying probation are *not* constitutionally required. (*People* v. *Edwards* (1976) 18 Cal.3d 796, 802-805 [135 Cal.Rptr. 411, 557 P.2d 995].) Thus, defendant must necessarily rely on the statutory mandate in Penal Code section 1170, subdivision (c), which requires a statement of reasons for the trial court's "sentence choice." Under the rules governing sentencing, "sentence choice" is defined as "the selection of any *disposition* of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence." (Cal. Rules of Court, rule 405(f), italics added.)

In *People* v. *Cushway* (1987) 193 Cal.App.3d 776 [238 Cal.Rptr. 527], this court (Div. 4) considered and rejected an identical argument reasoning as follows: "[T]he time the statute refers to [for stating reasons] is the time of 'initial sentencing.' In the case at hand the initial sentencing [to prison] occurred when appellant was sentenced on his original charge in 1984. At that time the court was required to state its reasons under section 1170 for its 'sentence choice,' including the grant of probation. . . . The fact that execution of the initial sentence was suspended and appellant was placed on probation does not render a subsequent probation revocation, an 'initial sentencing.' " (*Id.,* at pp. 778-779.)

We think the *Cushway* court reached the correct result in concluding that a decision upon revocation of probation actuating a previously imposed prison sentence is not a "sentence choice" requiring a statement of reasons.

We construe the statutory language invoking the need for a statement of reasons "at the time of sentencing" (Pen. Code, § 1170, subd. (c)) to mean at the time a sentence of imprisonment is *imposed*. Indeed, the sentencing rules clarify that even if the court decides to suspend execution of sentence and place the defendant on probation, the court must give reasons for the sentence at the time sentence is actually imposed. (Cal. Rules of Court, rule 433(c)(5).)[1]

Our construction of the statute and relevant rules finds support in the decision in *People* v. *Chagolla* (1984) 151 Cal.App.3d 1045 [199 Cal.Rptr.

---

[1] Rule 433(c)(5) provides: "If a sentence of imprisonment is to be imposed, or if the execution of a sentence of imprisonment is to be suspended during a period of probation, the sentencing judge shall:

" . . . . . . . . . . . . . . . . . .

"(5) Pronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law."

181]. There, the trial court imposed sentence, suspended execution and placed the defendant on probation. Years later, after probation was revoked and defendant was committed to prison, defendant argued on appeal that the trial court failed to give reasons for the prison sentence. The appellate court held his complaint was too late: "When [the defendant] was sentenced to state prison in 1979, failure to state reasons for the imposition of the state prison sentence would have been appealable at that time. That judgment is now final. [Citation.] Failure to state reasons for the state prison commitment should have been called to our attention for review *when the sentence was imposed*." (151 Cal.App.3d at p. 1048, italics added; see also *People* v. *Preyer* (1985) 164 Cal.App.3d 568, 576 [210 Cal.Rptr. 807].)

In the present case, the "sentencing choice" requiring reasons took place in October 1986 when the trial court imposed a three-year prison term but suspended execution and placed defendant on a period of probation.

The subsequent decision to remove the suspension of execution, subjecting the former probationer-defendant to the previously imposed sentence, was not a "sentencing" within the contemplation and meaning of Penal Code section 1170, subdivision (c).

We conclude that the trial court was not required to give reasons for its decision resulting in activation of the prison sentence previously imposed.

The judgment is affirmed.

Holmdahl, J., and Collins, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.