Filed 6/2/15  P. v. Arevalo CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065875 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245795, SCD247273) |
| LEE MARVIN AREVALO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

In October 2013 Lee Marvin Arevalo entered guilty pleas in two pending felony cases.  Specifically, Arevalo pleaded guilty in case No. SCD247273 to one count of

robbery (Pen. Code,[1] § 211); cruelty to an elder (§ 368, subd. (b)(1)) and resisting an executive officer by force (§ 69). Arevalo admitted the robbery victim was older than 65 (§ 667.9, subd. (a)) and that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

In case No. SCD245795 Arevalo pleaded guilty to two counts of assault with a deadly weapon (§ 245, subds. (a)(1), (a)(4)). Arevalo admitted the personal use of a deadly weapon (§ 1192.7, subd. (c)(23)). He also admitted the crimes in that case were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

Arevalo was originally sentenced in January 2014. The court imposed a 10-year eight-month prison term, but stayed the execution of the prison term and granted Arevalo probation on various terms and conditions.

In February 2014 Arevalo was arrested for four alleged probation violations. Arevalo waived his right to an evidentiary hearing and admitted the alleged violations.

The trial court refused to reinstate probation and imposed the previously stayed prison term. The court did determine that the original 10-year eight-month sentence was unauthorized and corrected the sentence to a total of 10 years. The parties agreed with the trial court's action in modifying the prison term.

Arevalo appeals contending the trial court abused its discretion in declining to reinstate him to probation. We will find the trial court properly exercised its broad sentencing discretion and affirm.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

2

STATEMENT OF FACTS

This appeal does not raise any challenge to the factual basis for the revocation of probation or the calculation of the sentence. Accordingly, we will only briefly summarize the facts from the two underlying cases and the facts relevant to the four probation violations admitted by appellant.

## Case No. SCD247273

The first offense in this case occurred on December 23, 2012. Arevalo and a juvenile were involved in stealing a purse from an 86-year-old woman. The woman was knocked down in the process.

Arevalo and the juvenile fled in Arevalo's Jeep. Several citizens tried to stop him, but Arevalo was able to get away. He was arrested on January 23, 2013. At that time police were aware that Arevalo was a member of the Linda Vista Trece street gang.

While Arevalo was in custody on the robbery charges, he assaulted a deputy sheriff in the jail.

## Case No. SCD245795

On January 21, 2013, Arevalo and two other gang members assaulted Taurino Flores-Sanchez at a food truck. Arevalo and his fellow gang members punched the victim multiple times. Arevalo stabbed the victim four times with a small metal awl.

## The Probation Violation

Arevalo met with his probation officer on February 13, 2014. He was informed of the conditions of probation. He was warned he needed to obey all laws and not to use force, threats or violence.

3

On February 21, 2014, a San Diego police officer responded to a report of a fight. When the officer arrived he encountered Arevalo standing in the middle of the street carrying a metal club. Arevalo admitted he had been drinking because it was his birthday. He advised the officer that gang members had been to his house and made threats to his mother. Arevalo said he had taken the metal bar to confront the gang members.

DISCUSSION

Arevalo was granted probation by Judge Dwayne K. Moring. Although Arevalo was presumptively ineligible for probation, the court felt that given his youth, employment, limited criminal record and school attendance, that probation was the best choice. We note, however, Judge Moring imposed, but stayed, a substantial prison sentence. We assume that sentencing choice was motivated, at least in part, by providing Arevalo a strong incentive to comply with the conditions of his probation.

Shortly after Arevalo was released from custody, and specifically advised of the conditions of his probation, Arevalo was found under the influence of alcohol, out beyond curfew and in possession of a weapon. He was out looking for rival gang members because of a perceived threat. The probation revocation proceedings were conducted before Judge Charles G. Rogers. After a full hearing and review of all submitted material, Judge Rogers elected not to reinstate probation, but instead to lift the stay of execution for the modified prison sentence previously imposed.

Arevalo contends Judge Rogers abused his discretion by refusing to reinstate probation. We find the contention to be without merit and affirm.

4

## A. Legal Principles

When a person's probation is revoked in a case such as this, the court essentially has three options. The court can terminate probation, reinstate the defendant to probation, or impose the previously stayed sentence. (*People v. Latham* (1988) 206 Cal.App.3d 27, 29.) The sentencing choice to grant or deny probation is vested in the broad discretion of the trial court. (*People v. Medina* (2001) 89 Cal.App.4th 318, 321.)

We review trial court sentencing decisions under the abuse of discretion standard. Under that standard we do not substitute our judgment for that of the trial court. Rather, the appellant must show a clear abuse of that discretion. In other words the trial court's decision must be shown to be arbitrary or irrational or shown to be based upon a misunderstanding of the facts or the court's discretionary authority. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977; *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1311.)

We will thus turn to the question of whether the record demonstrates an abuse of discretion.

## B. Analysis

The record in this case demonstrates that Judge Rogers was fully aware of his options following the revocation of probation. The judge was plainly aware he had the authority to reinstate Arevalo to probation. The court meticulously examined all of the probation reports and sentencing memoranda submitted to him. He was aware of the defendant's youth, employment and educational desires, as well as his family support. Thus, it cannot be said that the sentencing decision was uninformed or arbitrary.

Essentially, Arevalo contends the only rational choice for the court was to reinstate him to probation. Perhaps reasonable, competent trial judges may have disagreed, however that is not the standard by which we must review this decision. What is argued here is that no reasonable trial judge could have reached this decision, which argument is not supported by the record.

Clearly, the first judge was strongly influenced by the defendant's age and history. Thus the court was willing to give him a chance to change his behavior, particularly his propensity for violence. Unfortunately, Arevalo almost immediately reverted to old habits. He ignored the conditions of his probation. He was out at night, under the influence of alcohol, which he felt he could drink because it was his birthday. Most importantly, he had reverted to the kind of violence displayed in his previous crimes. Faced with what he perceived to be a problem, Arevalo obtained a weapon and took to the streets to search out his enemies—all of this within eight days of his meeting with the probation officer where all of the conditions and potential gang issues were discussed.

In light of all the material presented, Judge Rogers could easily conclude that Arevalo had learned nothing from the grant of probation and local custody time. His almost immediate use of alcohol and the choice of a weapon and possible violence to solve his problem could reasonably be an indication of his inability to comply with the terms of probation and that he continues to pose a risk of harm to others. The decision to decline the request for reinstatement of probation was well within the trial court's discretionary authority. No abuse of discretion has been demonstrated.

DISPOSITION

The judgment is affirmed.

_____
HUFFMAN, Acting P. J.

WE CONCUR:


_____
HALLER, J.


_____
IRION, J.

7